CHANEY, Appellant,

v.

EAST, d.b.a. All–Pro Transmission, Appellee.

[Cite as *Chaney v. East* (1994), 97 Ohio App.3d 431.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 65401.

Decided May 5, 1994.

432

*Katherine M. Chaney, pro se.*

*Rhoa, Follen & Rawlin Co., L.P.A.,* and *James H. Crawford,* for appellee.

KRUPANSKY, Judge.

Plaintiff-appellant Katherine Chaney appeals *pro se* from a judgment of the Cleveland Municipal Court, Small Claims Division in favor of defendant-appellee Rick East, d.b.a. All–Pro Transmission.

Plaintiff *pro se* filed a complaint against defendant in the municipal court small claims division November 4, 1992. Plaintiff's complaint stemmed from certain automobile repairs performed by defendant and contained the following "Statement of Claim":

"Plaintiff states she paid defendant $177.43 on or about November 7, 1991, for vehicle repairs which included a convertor.

"The convertor installed by defendant caused extensive damage to plaintiff[']s vehicle. Due to defendant[']s negligence, plaintiff had to pay $581.18 for repairs in May, 1992.

"To date, defendant has made no attempt to pay plaintiff."

The municipal court scheduled the matter for a hearing December 9, 1992 before a referee in compliance with M.C.Sup.R. 4(A).

The record demonstrates that both plaintiff and defendant appeared without counsel at the December 9, 1992 hearing and no verbatim transcript of the proceedings was made. The small claims court referee thereafter issued a detailed three-page report with findings of fact and conclusions of law. The referee's report recommended judgment in favor of defendant, was mailed to the parties January 27, 1993 and filed with the municipal court February 5, 1993.

The municipal court approved and confirmed the referee's report and rendered judgment in favor of defendant in an order journalized the same day the report was filed, February 5, 1993. Plaintiff thereafter filed a document February 9, 1993 captioned "Plaintiff's Objections to Referee's Report and Request for Reconsideration." The document disputed the findings and conclusions of the referee's report based on evidence allegedly presented at the hearing, but was not supported by a transcript or other adequate record of the hearing before the small claims court referee. Defendant did not respond to plaintiff's objections.

The municipal court subsequently overruled plaintiff's objections, adhered to its prior judgment for defendant and terminated the automatic stay of its prior judgment in an order journalized March 19, 1993. Plaintiff *pro se* filed a timely appeal to this court of appeals from the municipal court's judgment in favor of defendant.

The record demonstrates plaintiff subsequently filed a proposed App.R. 9(C) statement of the proceedings in the municipal court April 28, 1993. However, during the course of her appeal, plaintiff amended her praecipe to request only an App.R. 9(A) record of original papers from the municipal court to be filed with the court of appeals. The record certified to this court of appeals by the municipal court thereafter is an App.R. 9(A) record and contains plaintiff's proposed App.R. 9(C) statement of proceedings without being settled and approved by the municipal court as required by App.R. 9(C).

Plaintiff's brief on appeal recites nine assignments of error which are not separately briefed or argued.[1] However, plaintiff's assignments of error generally challenge the municipal court's judgment in favor of defendant on manifest weight of the evidence grounds.

The findings of fact and conclusions of law made by the referee and adopted by the municipal court provide in their entirety as follows:

"FINDINGS OF FACT:

"Plaintiff brings suit to recover damage to a transmission allegedly caused by the negligence of Defendant in repairing her van. Both parties proceeded *pro se.* Mr. Chaney testified on behalf of Plaintiff.

---

1. Plaintiff's nine assignments of error are set forth in the Appendix.

"Defendant brought her 1976 GMC Van into Defendant's garage for a transmission check-up on November 7, 1991. Plaintiff was unable to shift into first gear. The transmission was partially disassembled and a converter installed to stop an oil leak. Defendant also ordered a transmission mount which was installed at a later date. Plaintiff paid $177.43 for the services.

"The parties greatly dispute what happened afterwards. Plaintiff states that she continued to have problems with the transmission and that these problems were unexpected. Defendant states that he informed Plaintiff at the time the converter was installed that the transmission was full of metal and needed to be replaced, but that Plaintiff chose not to have the transmission replaced because she could not afford to. After an undetermined period of time during which there were unusual noises and vibrations in the transmission the van broke down on the freeway. It was taken to Aamco Transmission where a mechanic determined that the torque convertor had come apart and damaged the transmission. (Exhibit 2). Plaintiff replaced the transmission on May 11, 1992 for a cost of $581.18.

"*The Court finds based on the credibility and demeanor of the witnesses and the reasonableness of their testimony that Plaintiff's transmission was already damaged when she first brought her van to Defendant.* This conclusion is supported by Plaintiff's admission that the transmission was leaking oil and had no reverse gear when she brought it in for repairs.

"*The Court finds that Defendant explained to Plaintiff that the convertor was damaged and needed to [be] replaced and also warned her that if she did not replace the transmission it would only last three months to a year. The evidence supports this conclusion.* Plaintiff admits returning to defendant several times but never complained about the noises and vibration in the transmission. From her lack of complaints about the condition it can be inferred that Plaintiff already knew of the defective condition of the transmission and had chose [sic] not to have Defendant repair it. It may be noted that the Aamco transmission mechanic who diagnosed the cause of the transmission failure for Plaintiff did not know of or did not take into account the presence of metal filings in the transmission which also could have led to further damage of the transmission converter.

"CONCLUSIONS OF LAW:

"Implicit in every repair contract is an agreement, by the repairmen, to perform the services in a workmanlike and professional manner. Based on on [sic] the findings derived from the evidence presented, the Court has found that defendant performed the services in a workmanlike and professional manner. Therefore, Plaintiff has failed to establish a breach of the repair contract. *The Court has accepted Defendant's testimony to the effect that Plaintiff had been*

*warned that the transmission was still in need of repair when she left Defendant's garage, and that without the further repairs the transmission would not last long.* It did not last long as predicted by Defendant. Plaintiff cannot recover the cost of transmission replacement that she chose not to have Defendant perform.

"RECOMMENDATION:

"Judgment for Defendant and Court costs." (Emphasis added.)

Based on our review of the record *sub judice,* plaintiff has failed to exemplify any error by the municipal court or small claims court referee in the case *sub judice.*

 It is axiomatic that the party challenging a judgment has the burden to file an adequate record with the reviewing court to exemplify its claims of error. App.R. 9 and 10; *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 19–20, 520 N.E.2d 564, 565–567; *Knapp v. Edwards Laboratories* (1976), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 220, 400 N.E.2d 384, 385–386; *Ostrander v. Parker-Fallis Insulation Co., Inc.* (1972), 29 Ohio St.2d 72, 74, 58 O.O.2d 117, 119, 278 N.E.2d 363, 365. Absent certification of an adequate record, a reviewing court must presume regularity of the proceedings and affirm the judgment of the trial court. *Id.*

 It is well established that to avoid the expense of filing a complete verbatim transcript in a small claims proceeding, the party objecting to the report of a referee may file an affidavit of the evidence presented at the hearing to support its objections to the report and recommendations of a referee. Civ.R. 53(E)(6); *Pappenhagen v. Payne* (1988), 48 Ohio App.3d 176, 549 N.E.2d 208. Civ.R. 53(E)(6) provides as follows:

"On appeal, a party may not assign as error the court's adoption of a referee's finding of fact unless an objection to that finding is contained in that party's written objections to the referee's report. *The court may adopt any finding of fact in the referee's report without further consideration unless the party who objects to that finding supports that objection with a copy of all relevant portions of the transcript from the referee's hearing or an affidavit about evidence submitted to the referee if no transcript is available.* In deciding whether to adopt a referee's finding of fact, the court may disregard any evidence that was not submitted to the referee unless the complaining party demonstrates that with reasonable diligence he or she could not have discovered and produced that evidence for the referee's consideration." (Emphasis added.)

Civ.R. 53(E)(6) expressly provides that without an affidavit or transcript describing all relevant evidence presented at the hearing or other adequate

record, the municipal court may summarily overrule the party's unsupported objections. *Pappenhagen v. Payne, supra;* accord *Frank Lerner & Assoc., Inc. v. Vassy* (1991), 74 Ohio App.3d 537, 542–543, 599 N.E.2d 734, 736–738; *Mahon–Evans Realty, Inc. v. Spike* (1986), 33 Ohio App.3d 268, 270, 515 N.E.2d 953, 955–956.

■ The record demonstrates plaintiff failed to file an affidavit or other adequate record of the evidence presented to the referee to support her objections in the case *sub judice.* Contrary to plaintiff's contention on appeal, her objections did not constitute an "affidavit." Although the certificate of service accompanying plaintiff's objections was notarized by a notary public, the document did not state that any of plaintiff's assertions contained in her objections were made under oath. This defect was compounded by the fact that the document did not purport to describe *all relevant evidence* presented to the referee on the issue instead of just the evidence the objecting party believes was disregarded. *Pappenhagen v. Payne, supra,* 48 Ohio App.3d at 178, 549 N.E.2d at 210–211; *Frank Lerner & Assoc., Inc. v. Vassy, supra,* 74 Ohio App.3d at 542, 599 N.E.2d at 736–737.

Plaintiff sought to overcome her failure to comply with Civ.R. 53(E)(6) by belatedly submitting to the municipal court a proposed App.R. 9(C) statement of the evidence presented to the referee in the case *sub judice.* However, plaintiff has cited no authority that App.R. 9(C) may be used in this manner as a substitute for compliance with Civ.R. 53(E)(6). Moreover, because plaintiff subsequently amended her praecipe during the course of this appeal to request only an App.R. 9(A) record of original papers and her proposed App.R. 9(C) statement was not settled and approved by the municipal court, this court of appeals is precluded from considering this material on appeal. Given the absence of an adequate record of the evidence presented at the hearing before the referee, this court of appeals must presume regularity of the municipal court's judgment based on the referee's report and recommendations. *Sasarak v. Sasarak* (1990), 66 Ohio App.3d 744, 749, 586 N.E.2d 172, 175, fn. 4.

Finally, even if this court of appeals were inclined to accept as accurate statements made by plaintiff in her brief on appeal and in her objections to the referee's report concerning the evidence presented at the hearing before the referee, plaintiff has failed to exemplify any error in the municipal court's judgment or referee's report. *Associated Estates Corp. v. Fellows* (1983), 11 Ohio App.3d 112, 115, 11 OBR 166, 169–170, 463 N.E.2d 417, 420–421.

■ Plaintiff concedes the parties presented conflicting evidence concerning the time when she was notified by defendant that she needed a new transmission and whether she declined to have more complete repairs performed initially. It

is well established that a referee may determine, as trier of fact, the credibility of the witnesses and relative weight to be given their testimony. *Conn Constr. Co. v. Ohio Dept. of Transp.* (1983), 14 Ohio App.3d 90, 95, 14 OBR 104, 108–109, 470 N.E.2d 176, 180–181. The municipal court was warranted in adopting the referee's findings and conclusions, particularly given the absence of any adequate record to dispute them. It is well established in this context that judgments supported by some competent credible evidence will not be reversed on appeal as being against the manifest weight of the evidence. *Mahon–Evans Realty, Inc. v. Spike, supra,* 33 Ohio App.3d at 270, 515 N.E.2d at 955.

Under the circumstances, based on our review of the record, plaintiff has failed to demonstrate the municipal court or small claims court referee misapplied the governing law or that their findings of fact were erroneous or against the manifest weight of the evidence in the case *sub judice.*

Accordingly, plaintiff's nine assignments of error are overruled.

*Judgment affirmed.*

NAHRA, C.J., and DYKE, J., concur.

### APPENDIX

Plaintiff's nine assignments of error on appeal follow:

Assignment of Error No. 1

"The trial court erred in overruling your appellant's objections to the referee's report."

Assignment of Error No. 2

"The trial court erred in denying your appellant's request for reconsideration."

Assignment of Error No. 3

"The trial court erred in making a judgment which was contrary to the manifest weight of the evidence presented at trial."

Assignment of Error No. 4

"The trial court erred in allowing a judgment to stand which was clearly based upon mistakes of fact."

Assignment of Error No. 5

"The trial court erred in accepting the referee's unsubstantiated conclusion that defendants-appellees performed their services in a 'workmanlike and professional manner.'"

Assignment of Error No. 6

"The trial court erred in allowing a judgment to stand which was contrary to law."

Assignment of Error No. 7

"The trial court committed prejudicial error by arbitrarily accepting appellee's testimony as true against the evidence of his own written estate, without any corroborating physical evidence and, especially, when appellee's own testimony proved they were [*sic*] guilty of criminal negligence as a matter of law."

Assignment of Error No. 8

"The trial court erred by concluding that your appellant 'failed to establish a breach of the repair contract.'"

Assignment of Error No. 9

"The trial court erred in that judgment for defendant is not sustained by sufficient evidence and is contrary to the weight of the evidence."