JOURNAL ENTRY AND OPINION
Appellant, Helene Berk, appeals the judgment of the Shaker Heights Municipal Court, Small Claims Division, in favor of appellees Charles Benis and Gloria Benis, in the amount of $2,000. For the following reasons, we affirm.
The magistrate's decision was as follows: Appellant owned a condominium unit located at 19201 Van Aken Boulevard, Suite #113, in Cleveland Heights, Ohio. She sold the condominium to appellees. When appellees viewed the condominiums, the furniture was arranged in such a way as to conceal or discourage inspection of the toilet, which was stained. The necessary cost of removing the flooring and replacing the toilet was $2,000. On one occasion, appellant did not permit inspection of the home. There were other latent defects, but no evidence was presented as to the costs of fixing the other defects. The magistrate found in favor of appellees in the amount of $2,000.
Appellant sent correspondence to the Shaker Heights Municipal Court objecting to the magistrate's decision. Appellant did not attach a copy of the transcript, nor did appellant submit an affidavit of the evidence before the magistrate.
The trial court overruled the objections and adopted the magistrate's decision.
Appellant's assignments of error state:
 A. GLORIA BENIS IS NAMED AS A PLAINTIFF WHEN SHE IS ACTUALLY A WITNESS.
 B. THE MAGISTRATE CONSENTED TO CHARLES BENIS (PLAINTIFF) EXITING THE COURTROOM AFTER ONLY 15 MINUTES OF LISTENING TO HIS MOTHER'S TESTIMONY, WITHOUT LISTENING TO MY TESTIMONY. I OBJECTED TO HIS DESERTION OF THIS TRIAL, BUT HE LEFT ANYWAY.
 C. THE TAPE RECORDED MESSAGES, WHICH WERE BROUGHT TO THE COURT BY GLORIA SHOULD NOT HAVE BEEN ADMITTED AS EVIDENCE BECAUSE I DID NOT KNOW THEY EXISTED AND BECAUSE THEY WERE NOT OFFICIALLY TRANSCRIBED BY AN AGENT OF THE COURT.
 D. A PERSONAL CHECK ISSUED BY ROBIN BENIS FRIEDMAN AS A DOWN PAYMENT ATTACHED VIA PAPER CLIP TO THE SETTLEMENT STATEMENT IS MISSING FROM THE RECORD.
 E. THE MAGISTRATE DID NOT INCLUDE THE "AS IS" NATURE OF THE CONTRACT IN HER FINDINGS OF FACT AND CONCLUSIONS OF LAW. THE "AS IS" NATURE OF THE AGREEMENT (PAGE 12 IN THE RECORD) IS STIPULATED ON PAGE ONE, FIRST PARAGRAPH OF THE ADDENDUM AND ON PAGE TWO, ITEM NUMBER 4.
 F. MRS. BENIS ADMITTED TO THE MAGISTRATE THAT THE BUYER CHOSE NOT (SIC) HIRE AN INSPECTOR. THE "AS IS" NATURE OF THE CONTRACT FLAGS THE NEED TO DO SO.
 G. REGARDING THE ADDENDUM: THERE ARE TWO IN THE RECORD. BOTH ARE LABELED AS DEFENDANT'S EXHIBIT. HOWEVER, DEFENDANT'S EXHIBIT NO. E IS ACTUALLY THE PLAINTIFF'S EXHIBIT AND WAS HIGHLIGHTED AND PHOTOCOPIED ON ONE SIDE.
 H. THE FINDINGS OF FACT AND CONCLUSIONS OF LAW (APPENDIX ONE, PAGE TWO, NO. SIX) BY MAGISTRATE BLATANTLY CONTRADICT WHAT WAS OUTLINED IN THE ADDENDUM.
 I. IN THE FINDINGS OF FACT AND CONCLUSIONS OF LAW (APPENDIX ONE, ON PAGE TWO, NUMBER SIX) THE MAGISTRATE STATES AS FACT THAT THE GARBAGE DISPOSAL DID NOT FUNCTION PROPERLY, WHEN IT WAS NEVER INSTALLED.
 J. THE FINDINGS OF FACT AND CONCLUSIONS OF LAW (APPENDIX ONE, ON PAGE TWO, NUMBER NINE) BY THE MAGISTRATE BLATANTLY CONTRADICTS WHAT WAS OUTLINED IN THE ADDENDUM.
 K. THE FINDINGS OF FACT AND CONCLUSIONS OF LAW (APPENDIX ONE, ON PAGE TWO, NUMBER SEVEN, THIRD SENTENCE) IS NOT BASED ON VISUAL EVIDENCE AND COMPLETELY CONTRADICTS WHAT WAS SPECIFIED IN THE ADDENDUM.
 L. THE FINDINGS OF FACT AND CONCLUSIONS OF LAW (APPENDIX ONE, ON PAGE TWO, NUMBER SEVEN, FIRST SENTENCE) OPPOSES WHAT WAS SAID ON THE ANSWERING MACHINE TAPE (ON PAGE 36 OF THE RECORD) DATED MARCH 22, 1997 AND ALSO CONTRADICTS WHAT WAS SPECIFIED IN THE ADDENDUM.
 M. IN APPENDIX ONE, PAGE TWO, ITEM NO. EIGHT OF THE FINDINGS OF FACT AND CONCLUSIONS OF LAW, THE MAGISTRATE STATES AS FACT THAT THE TOILET AND FLOOR COVERING WAS (SIC) INSTALLED CORRECTLY AND THE COST TO REPLACE IT WOULD BE ROUGHLY $2, 000 WHEN NO EVIDENCE OF THIS EXISTS IN THE RECORD.
 N. IN APPENDIX ONE, PAGE 2 OF FINDINGS OF FACT 
CONCLUSIONS OF LAW, ITEM #9, THE MAGISTRATE FINDS AS "FACT" THAT THE HEATING SYSTEM WAS EITHER ON OR OFF. THIS RESULTS IN THE CONDOMINIUM BEING EITHER TOO WARM OR TOO COLD BUT NO EVIDENCE OF THIS EXISTS IN THE RECORD.
 O. THE PLAINTIFF/CHARLES BENIS AND HIS AGENT HAD THE RIGHT TO RESCIND THE AGREEMENT UP TO 72 HOURS AFTER IT CLOSED. BY ALLOWING THIS TIME TO ELAPSE, THEY WAIVED THEIR RIGHT BY NOT TAKING THIS ACTION (P. 84 OF RECORD, ITEM #5).
 P. THE MAGISTRATE'S DECISION (APPENDIX ONE, ON PAGE 3) MENTIONS EVIDENCE WHERE THERE IS NONE.
 Q. THE MAGISTRATE HAD A PREVIOUS HOSTILE ENCOUNTER WITH THE DEFENDANT LESS THAN ONE YEAR BEFORE THE TRIAL ON JUNE 2.
 R. BECAUSE THE ORIGINAL CLAIMS AGAINST THE DEFENDANT WERE NEVER EVEN PROVEN, THE VICTORY WENT TO THE WRONG PERSON. NOW, GLORIA BENIS HAS FILED FOR A LIEN ON MY HOME, EVEN THOUGH SHE WAS ONLY A WITNESS AND NOT A PARTY TO THE CONTRACT. (PAGE 90 OF THE RECORD).
Objections to a magistrate's findings of fact must be supported by a transcript or an affidavit of the evidence. Civ.R. 53 (E) (3) (b). If the objections are not so supported, the objecting party can not assign as error on appeal any error in the findings of fact or conclusions of law. Id. Failure to so support these objections also entitles the trial court to summarily overrule them. Pappenhagen v. Payne (1988), 48 Ohio App.3d 176.
To the extent that the Rules of Civil Procedure are clearly inapplicable, they do not apply to small claims matters. Civ.R. 1 (C) (4). We have held that Civ.R. 53 (E) (4) applies to small claims matters. See Chaney v. East (1994), 97 Ohio App.3d 431. Additionally,
 It is axiomatic that the party challenging a judgment has the burden to file an adequate record with the reviewing court to exemplify its claims of error. App.R. 9 and 10; Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 19-20, 520 N.E.2d 564, 565-567; Knapp v. Edwards Laboratories (1976), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 220, 400 N.E.2d 384, 385-386; Ostrander v. Parker-Fallis Insulation Co., Inc. (1972), 29 Ohio St.2d 72, 74, 58 O.O.2d 117, 119, 278 N.E.2d 363, 365. Absent certification of an adequate record, a reviewing court must presume regularity of the proceedings and affirm the judgment of the trial court. Id.
Chaney, supra at 435. Appellant did not file a sufficient record for this court to review her assignments of error.
Accordingly, appellant's assignments of error are overruled.
The decision of the trial court is affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Shaker Heights Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SPELLACY, J., CONCURS.
 O'DONNELL, J., CONCURS.
 (SEE ATTACHED CONCURRING OPINION)
 _____________________________ ANN DYKE PRESIDING JUDGE