OPINION
This appeal arises from a judgment of the Court of Common Pleas of Van Wert County, Domestic Relations Division, adopting a magistrate's recommendation to terminate a previously issued shared parenting order, and designating Susan R. Jones ("Appellee") residential parent of the parties' minor child. For the reasons set forth below, we affirm the trial court's decision.
The record indicates that Carl W. Jones ("Appellant") and Appellee were married in February 1984. Zachary Jones, d.o.b., May 14, 1991, was the only child born as issue of the marriage. The parties filed a September 16, 1997 petition for dissolution of marriage, accompanied by a separation agreement, which resolved various issues, including the future care and custody of Zachary. The document specifically provided that the father would have custody of the child every other weekend and other times as the parties would agree upon so as to allow the parties to split their time with Zachary on an equal basis. The agreement also provided that Appellant would pay $273 per month in child support. The court subsequently issued a November 24, 1997 judgment entry dissolving the marriage and incorporating the terms of the agreement into the final decree.
Thereafter, on May 3, 1999, the mother filed a motion for reallocation of parental rights claiming that a change in circumstances had occurred since the previous order, and that as a result, she should be designated residential parent, while the father should be granted visitation in accordance with the local rules. The motion indicated that Appellant had not complied with the shared parenting order in that he did not spend an equal amount of time with the child.
A hearing on the matter took place before a magistrate in October 1999. After considering the evidence and conducting an incamera interview of the child, the magistrate recommended that the court grant Appellee's motion, award Appellant visitation rights in accordance with the local rules, and recalculate the child support obligation to reflect the change in parentage.
Appellant filed timely objections to the magistrate's decision, essentially alleging that it was unsupported by the evidence. The trial court issued a December 10, 1999 judgment entry overruling the objections due to Appellant's failure to provide a transcript or an affidavit of the evidence in accordance with Civ.R. 53(E)(3)(b). The court then rendered a December 29th entry adopting the magistrate's recommendation. This appeal followed.
Appellant asserts the following as his assignments of error:
I.
 The trial court's decision to terminate the shared parenting plan and designate Appellee as residential parent was an abuse of the court's discretion, contrary to law and against the manifest weight of the evidence.
 In his first assignment of error, Appellant argues that the trial court erred in adopting the magistrate's recommendation because it failed to "[express] any rational reasoning in its decision that would allow a reviewing court or the parties to understand (or the court to substantiate) its conclusions. Without support for its conclusions, the court as a matter of law cannot proceed to make a determination of the best interest of the child or dissolve a shared parenting plan." Appellant then goes on to cite several portions of the trial transcript that, according to his contention, contradict the magistrate's findings.
We are baffled by Appellant's argument since the record is clear that the trial court could not substantiate its conclusions due to Appellant's failure to provide the court with either a transcript or an affidavit of the evidence in accordance with Civ.R. 53(E)(3)(b):
 * * * Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.
 In the absence of a transcript, the trial court cannot possibly determine whether the magistrate's findings were supported by the evidence. In these cases, it has been held that the trial court does not err in adopting the findings of fact contained in the magistrate's decision. Boggs v. Boggs (1997), 118 Ohio App.3d 293, 301.
Furthermore, without an adequate record, an appellate court must "presume regularity of the [trial] court's judgment * * *."Chaney v. East (1994), 97 Ohio App.3d 431, 436. Although Appellant has submitted a transcript of the hearing to this court, it is well-established that we are precluded from considering evidentiary material which was not reviewed by the trial court.State ex rel. Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728,730. Therefore, Appellant's first assignment of error is overruled.
II.
 The trial court's calculation of child support that Appellant was to pay Appellee is contrary to law and an abuse of the court's discretion.
 Similar to the issues addressed in the previous argument, Appellant's second assignment of error hinges on certain factual determinations. For example, Appellant argues that the trial court erred by including annual childcare expenses in the child support worksheet because the evidence demonstrates that childcare is only necessary during the summer months. Again, since the lack of a transcript prevented the trial court from making an independent review of the factual evidence relevant to the new child support calculation, we find that the trial court did not err in adopting the magistrate's recommendation. Appellant's second assignment of error is without merit and must be overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
 ______________________________ HADLEY, PRESIDING JUDGE
BRYANT and SHAW, JJ., concur.