JOURNAL ENTRY AND OPINION,
This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1. Plaintiff-appellant Kammal Jaffal appeals the judgment of the Cleveland Municipal court, Small Claims Division, in favor of defendant.
Appellant Jaffal (buyer) bought a used engine from defendant-appellee AC Auto Parts Wrecking (seller). After installing the engine in his car, buyer discovered that it did not work. He contacted seller who provided him with another engine. It is unclear from the record if the second engine was provided in exchange for the first one or was a second purchase.
The second engine also failed to work after buyer had it installed. At that point, buyer sued seller for breach of contract in small claims court. After a bench trial, the court reached an equitable solution,[1]
stating,
 Plaintiff is ordered to return to Defendant the subject car motor within 30 days of journalization of this order. Upon receipt of the motor Defendant shall refund Plaintiff $450.00 in accordance with the October 17, 1996 contract of sale. If this exchange occurs as ordered, the Court shall enter judgment in favor of Defendant on the Complaint. If either party fails to comply with this Order, the non-breaching party shall file a Motion to Review Compliance with Court Order.
Buyer never returned the engine to seller and therefore never received a refund. A year and a half later, buyer[2] moved the court to review the status of the case and/or issue a final appealable order. The court then ruled,
 The Court, after review, hereby determines that plaintiff failed to comply with the conditions of judgment entry of July 20, 1998, therefore the Court enters the following:
 Judgment for the Defendant on the complaint at Plaintiff's costs.
Buyer timely appealed. This court twice dismissed the appeal because he first failed to file the praecipe and later filed a record which contains neither a transcript of the trial nor a statement of the evidence pursuant to App.R. 9 (C) and (D).
Appellant states one assignment of error.[3]
 WHETHER THE TRIAL COURT ERRED AND ABUSED IT'S [sic] DISCRETION BY RULING IN FAVOR OF DEFENDANT-APPELLEE WHERE THE DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BECAUSE PLAINTIFF-APPELLANT HAD PRESENTED A PRIMA FACIE CASE FOR RECOVERY UNDER THE THEORY OF BREACH OF CONTRACT.
Appellant's failure to file a transcript or a substitute for the transcript is fatal to his appeal.
 It is axiomatic that the party challenging a judgment has the burden to file an adequate record with the reviewing court to exemplify its claims of error. App.R. 9 and 10; Rose Chevrolet v. Adams (1988), 36 Ohio St.3d 17, 19-20, 520 N.E.2d 564, 565-567; Knapp v. Edwards Laboratories (1976), 61 Ohio St.2d 197,199, * * * *; Ostrander v. Parker-Fallis Insulation Co., Inc. (1972), 29 Ohio St.2d 72, 74 * * *. Absent certification of an adequate record, a reviewing court must presume regularity of the proceedings and affirm the judgment of the trial court. Id.
Chaney v. East (1994), 97 Ohio App.3d 431, 435.
If the proceedings before the trial court were not recorded, appellant had other options available to him. Pursuant to App.R. (C), he could have submitted "a narrative transcript of the proceedings * * * subject to objections from the appellee and approval from the trial court." Knappv. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199-200. Appellate Rule 9(C) states in pertinent part,
 If no report of the evidence or proceedings at a hearing or trial was made,* * * the appellant may prepare a statement of the evidence or proceedings from the best available means, including appellant's recollection. * * *
His other option, pursuant to App.R. 9(D), would have been to "submit an agreed statement of the case in lieu of the record." Id. at 200. (Emphasis in original.) Appellate Rule 9(D) states,
 In lieu of the record on appeal as defined in division (A) of this rule, the parties, no later than ten days prior to the time for transmission of the record pursuant to App.R. 10, may prepare and sign a statement of the case showing how the issues presented on appeal arose and were decided in the trial court and setting forth only so many of the facts averred and proved or sought to be proved as are essential to a decision of the issues presented. * * *
Because appellant failed to pursue either of these options, "[w]ithout a transcript, we cannot determine whether the trial court's judgment is against the weight of the evidence, and, consequently, we have `no choice but to presume the validity of the lower court's proceedings, and affirm.'" Walker v. J.W. Automotive (June 29, 2001), Montgomery App. No. 18683, unreported, 2001 Ohio App. LEXIS 2922, at *5, quoting Knapp,61 Ohio St.2d at 199.
Although the record contains copies of receipts[4] of the transaction which, if properly entered into evidence would be relevant to appellant's issue, we are precluded from addressing those documents because there is no evidence before us that they were properly authenticated. Thus we have no evidence to consider and must affirm the judgment of the trial court.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., CONCURS; TERRENCE O'DONNELL, J., CONCURS IN JUDGMENT ONLY.
[1] We note that the court did not find a breach of contract. Rather, the municipal court issued its order "[p]ursuant to the Court's equity power * * *."
[2] We note that the trial court's order states, [i]f either party fails to comply with this Order, the non-breaching party shall file a Motion to Review Compliance with Court Order. There is no provision in the order for the breaching party to move for review.
[3] Appellant erroneously styles his assignment of error as an issue.
[4] The receipts introduced into evidence at the trial level state in bold print: used parts `as is' and no implied warranties of fitness. The receipts also state buyer has inspected and accepts the used parts `as is.'" Additionally, each receipt contains the statement, "[w]e are not responsible for damages or any loss caused from labor, installation, removal or use of this merchandise."