ACCELERATED DOCKET JOURNAL ENTRY and OPINION
{¶ 1} Appellant Donna Baltz appeals an order from Lakewood Municipal Court ordering her to pay Joyce Krost $850 past due rent owed to her. Baltz assigns the following as error for our review:
 {¶ 2} THE TRIAL COURT ERRED IN FINDING FOR THE PLAINTIFF BECAUSE THE ORIGINAL RENT WAS REDUCED BY WRITTEN AGREEMENT AND PERFORMANCE BY THE PARTIES.
{¶ 3} Having reviewed the record and pertinent law, we affirm the decision of the trial court. As taken from the magistrate's report, the apposite facts follow:
{¶ 4} In January 2000, Baltz and Krost entered into a landlord/tenant relationship for the rental of Krost's property located in Lakewood, Ohio. Although the parties did not finalize a written lease, Baltz began living in Krost's rental unit. Krost then signed and delivered a rental agreement to Baltz establishing a monthly rental rate of $425 and requiring a security deposit for the same amount. Rather than simply signing the contract, Baltz altered the monthly rate to $325 and deleted the requirement for a security deposit. Baltz began paying according to the terms of the altered document.
{¶ 5} In February 2000, at Krost's request, Baltz drafted a statement acknowledging her obligation to pay $425 for a security deposit and $425 per month for rent. Regardless, Baltz continued paying $325 per month for rent.
{¶ 6} In April 2000, Baltz inquired with Lakewood's Building Department about conditions on the premises. The building department conducted an inspection on April 12, 2000 and found twenty-nine violations.
{¶ 7} The following day, Baltz received from Krost a three day notice to vacate the premises. The parties negated the eviction notice and agreed Baltz would move out on or before May 29, 2000. As agreed, Baltz vacated the premises.
{¶ 8} Krost filed a forcible entry and detainer action against Baltz in Lakewood Municipal Court seeking $1,275, representing back rent and a security deposit. Baltz counterclaimed for $2,500 in compensatory damages and $7,500 in punitive damages, arguing her eviction was in retaliation for requesting an inspection of the premises.
{¶ 9} The magistrate determined the lease agreement altered by Baltz was not binding because Krost did not sign the document after the alterations were made and that Baltz paid $325 per month in rent despite an agreement between the parties to a monthly rent of $425. Taking into account the difference between the money owed to and received by Krost, the magistrate determined Baltz owed Krost $850. Further, the magistrate found Baltz did not meet her burden of going forward with evidence to show Krost evicted her in retaliation for the inspection.
{¶ 10} Baltz objected to the magistrate's decision; however, the trial court overruled the objections. Baltz now appeals.
{¶ 11} In her assigned error, Baltz asks us to reverse the trial court's decision on manifest weight of the evidence grounds; however, Baltz has failed to file a transcript of the proceedings or a suitable substitute. This failure is fatal to her appeal.
 {¶ 12} It is axiomatic that the party challenging a judgment has the burden to file an adequate record with the reviewing court to exemplify its claims of error. Absent certification of an adequate record, a reviewing court must presume regularity of the proceedings and affirm the judgment of the trial court.[1]
{¶ 13} An appellant's options are not limited to the actual transcript. If a transcript is unavailable, an appellant may submit an App.R. 9(C) narrative transcript of the proceedings or an App.R. 9(D) agreed statement of the case in lieu of the record. Baltz has provided neither a transcript nor a suitable alternative. Consequently, we cannot determine whether the trial court's judgment is against the manifest weight of the evidence.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lakewood Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J., and TERRENCE O'DONNELL, J., CONCUR.
[1] Chaney v. East (1994), 97 Ohio App.3d 431, 435, 646 N.E.2d 1138
(internal citations omitted).