JOURNAL ENTRY and OPINION
Burke Lakefront Services, Incorporated, d.b.a. Million Air Cleveland (Burke) appeals from the judgment entered by the court of common pleas granting dismissal and summary judgment in favor of appellees Air Stewart, Incorporated (Air Stewart) and Pubco Corporation (Pubco). Burke assigns the following as errors for our review:
 I. THE TRIAL COURT ERRED BY STAYING ALL DISCOVERY, DEPRIVING APPELLANT OF RESPONSES TO ITS DISCOVERY REQUESTS AND DENYING ACCESS TO EVIDENCE NEEDED TO OPPOSE SUMMARY JUDGMENT MOTIONS, THEN GRANTING SUMMARY JUDGMENT FOR APPELLEES.
 II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT SINCE LEAVE OF COURT TO FILE A MOTION FOR SUMMARY JUDGMENT WAS NEVER REQUESTED OR GRANTED.
 III. THE TRIAL COURT ERRED IN GRANTING ANY MOTION FOR SUMMARY JUDGMENT, AS THERE ARE MANY GENUINE ISSUES OF MATERIAL FACT. THE TRIAL COURT, IN DECIDING CONTESTED FACTUAL ISSUES AGAINST THE APPELLANT, DENIED APPELLANT'S CONSTITUTIONAL RIGHT TO A TRIAL BY JURY.
 IV. THE TRIAL COURT ERRED BY NOT FINDING APPELLEES TO BE THE EQUITABLE OWNERS OF THE TWO LEARJETS AT ISSUE, LIABLE TO APPELLANT FOR THE FUEL AND SERVICE CHARGES INCURRED.
 V. IF THE TRIAL COURT FOUND A STATUTE OF FRAUDS VIOLATION AS GROUNDS FOR GRANTING APPELLEES' MOTIONS, IT ERRED.
 VI. THE TRIAL COURT ERRED IF IT FOUND THAT APPELLEES ARE NOT PARTIES TO THE CONTRACTS AT ISSUE IN THIS LITIGATION.
 VII. THE TRIAL COURT ERRED IF IT DETERMINED THAT APPELLANT RELEASED EITHER APPELLEE FROM ANY CLAIMS IN THIS CASE.
 VIII. THE TRIAL COURT ERRED IF IT FOUND THAT FRAUD WAS NOT PLEADED WITH SPECIFICITY.
 IX. APPELLANT IS ENTITLED TO THE REASONABLE VALUE OF FUEL AND SERVICES PROVIDED FOR THE BENEFICIAL USE OF APPELLEES; THE TRIAL COURT ERRED IN DENYING THAT TO APPELLANT.
 X. THE TRIAL COURT ERRED IN DETERMINING THAT SUIT WAS NOT TIMELY FILED ON THE LIENS. LIENS ARE DISCUSSED THROUGHOUT THE COMPLAINT AND THE FIRST AMENDED COMPLAINT.
Having reviewed the record and the pertinent law, we affirm the decision of the trial court. The apposite facts follow. This case revolves around services rendered by Burke for two aircraft, carrying Federal Aviation Administration designations N57FL and N59FL. Air Stewart sold N57FL on July 30, 1996 and N59FL on November 20, 1997 to Flight Operations Leasing, Incorporated (F.O.L.) who then leased them to Flight Operations, Incorporated (F.O.).
Edward and Audrey Lemieux are husband and wife who previously worked for F.O.; Audrey also served as president of F.O.L. F.O. entered bankruptcy and no longer exists. Pubco was an occasional charter customer of F.O. and loaned money to F.O. during the bankruptcy proceedings. The loan was secured by N59FL.
Burke also alleged it serviced the aircraft while they were owned by F.O.L. and operated by F.O. Both Air Stewart and Pubco held liens on the subject aircraft. Burke also alleges Air Stewart and Pubco are alter-egos of F.O.L. and F.O. and thus may be liable for the benefits received relating to the aircraft.
On or about February 17, 2000, F.O.L. notified Burke as a lien claimant to commence suit regarding N59FL to determine lien status. On April 21, 2000, Burke filed suit against Air Stewart and Pubco,[1] asserting claims for breach of contract, fraud, and bad faith failure to settle. Air Stewart and Pubco answered separately and counterclaimed for frivolous conduct in knowingly filing suit without legal basis.
On October 3, 2000, Burke amended its complaint to include a cause of action for quantum meruit. In their amended answers, Air Stewart and Pubco counterclaimed for voidance of Burke's lien on N59FL alleging Burke failed to timely commence suit on its lien.
Subsequently, Air Stewart and Pubco filed motions for summary judgment on Burke's claims for breach of contract, quantum meruit, the liens, and for frivolous conduct. Air Stewart and Pubco also moved for dismissal on Burke's claims for fraud and bad faith.
On April 18, 2001, the trial court granted summary judgment in favor of Air Stewart and Pubco on Burke's claims for breach of contract and quantum meruit as well as Air Stewart's and Pubco's counterclaim on the liens. The trial court denied the motion for summary judgment on the claim of frivolous conduct. Further, the trial court dismissed Burke's claims for fraud and bad faith failure to settle. This appeal follows. In its first assigned error, Burke argues the trial court erred by staying discovery. We disagree. We review a lower court's order to stay discovery under an abuse of discretion standard.[2] For an abuse of discretion to exist, the fact-finder's result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias.[3]
Burke argues the court stayed discovery and such stay was arbitrary and capricious; however, it does not present a firm basis for this conclusion. Burke simply asserts the stay was improper because it was granted before Pubco responded to discovery requests, and because Pubco stonewalled virtually all of appellant's discovery requests by objecting to almost all discovery requests instead of providing the requested information. From these allegations, Burke summarily concludes the trial court denied its rights to discovery.
Nonetheless, we have no record of the stay and no journal entry staying discovery; consequently, this court is unable to properly review this assigned error. The appealing party carries the burden of filing an adequate record from which the reviewing court may glean the essential facts.[4] Absent an adequate record, the reviewing court must presume regularity of the trial court proceedings and affirm its decision.[5]
Accordingly, Burke's first assigned error is without merit.
In its second assigned error, Burke argues the trial court erred by permitting Pubco and Air Stewart to file their respective motions for summary judgment without express leave of court. We disagree.
Burke's argument is founded upon Civ.R. 56(B) which requires a defendant to obtain leave of court to file a motion for summary judgment if the action has been set for pretrial or trial. Although the trial court here did not explicitly grant leave to file motions for summary judgment, this court has held that a trial court's decision to entertain a motion for summary judgment implicitly grants leave to file the motion.[6] We follow our precedent here. The trial court, in considering Pubco's and Air Stewart's motions for summary judgment implicitly granted them leave to make such filings. Accordingly, the trial court did not err by considering appellees' motions for summary judgment. Burke's second assigned error is without merit.
In its third through seventh, and ninth, assigned errors Burke presents various arguments relating to the trial court's grant of summary judgment in favor of appellees. We address these individual assigned errors collectively as they comprise Burke's ultimate argument that the trial court erred in granting summary judgment on its claims for breach of contract and quantum meruit.
In determining whether the trial court properly granted these motions for summary judgment, we apply a de novo standard of review.[7]
Accordingly, we afford no deference to the trial court's decision and independently review the record in the light most favorable to the nonmovant to determine whether summary judgment is appropriate.[8]
Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can only reach one conclusion which is adverse to the nonmoving party.[9]
In its brief to this court, Burke argues genuine issues of material fact exist because the parties allege divergent facts in their complaints. Under Civ.R. 56, the movant and nonmovant bear specific burdens. The moving party must set forth specific facts that demonstrate no issue of material fact exists concerning an essential element of the opponent's case.[10] The movant may satisfy this burden with or without supporting affidavits;[11] and must point to evidentiary materials of the type listed in Civ.R. 56(E) that a court is to consider in rendering summary judgment.[12] If the movant fails to establish the absence of an issue of material fact, summary judgment is not appropriate.[13] If the movant does meet this burden, summary judgment will be appropriate if the nonmovant fails to establish the existence of a genuine issue of material fact.[14] In satisfying its burden, the nonmovant may not rest upon the mere allegations or denials of his pleadings, but his response by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.[15] Thus, although we are compelled to consider the record in a light most favorable to the nonmovant, we do not necessarily accept all of the nonmovant's allegations as true.
Rather than accepting all of Burke's allegations as true, or interpreting divergent factual representations as genuine issues of material fact, we review the entire record and determine whether each party met their respective summary judgment burdens.
Regarding the breach of contract claim, we must determine whether a contract existed between Burke and appellees, and if so, whether appellees breached the contract. Burke asserts that appellees' total obligation arose from several acts of service performed over a course of time, and that Air Stewart and Pubco are liable on those contracts via their relationships with F.O. and F.O.L. No question exists as to whether Burke serviced the aircraft; the relevant enquiry is whether Pubco or Air Stewart contracted for the services in question.
In moving for summary judgment on Burke's breach of contract claim, Air Stewart and Pubco each pointed to paragraph thirty-eight of Burke's first amended complaint wherein Burke alleged the existence of a contract between itself and several alternative parties, including Air Stewart and Pubco, but then admitted there is no single document, or account, as envisioned by Ohio Civil Rule 10(d) in which this just debt is completely memorialized. The movants presented affidavits of Audrey Lemieux, Stephen Kalette, the Vice President and General Counsel of Pubco, and Steven Davis, F.O.'s Chapter 7 bankruptcy trustee. Lemieux and Kalette averred F.O.L. and the movants have never related as agents, representatives, or alter-egos of one another. Davis averred that during the course of his duties he uncovered no alter-ego relationship between F.O. and Pubco, Air Stewart, F.O.L., Edward Lemieux, or Audrey Lemieux.
By setting forth these specific facts, Air Stewart and Pubco have demonstrated they were not parties to a contract with Burke and were not agents or principals of F.O. or F.O.L. at the times Burke rendered services. Thus, they have demonstrated no genuine issue of material fact exists as to whether they are contractually liable to Burke. Accordingly, Air Stewart and Pubco have satisfied their initial summary judgment burden, and summary judgment is appropriate unless Burke presented countervailing facts adequate to indicate a genuine issue survives.
Burke responded with the affidavit of its president, Thomas Slavin who averred the liens against the aircraft exceed their market value, and thus the lienholders rather than the title holders are liable for the services rendered. Although the concept of equitable ownership exists in Ohio law, Burke has failed to demonstrate how it gives rise to contractual liability here. Further, divergent allegations found in the pleadings and motions, per se, do not necessarily indicate a genuine issue of material fact exists.[16] As we previously stated, this is insufficient to carry the nonmovant's summary judgment burden. Because Burke failed to set forth any facts demonstrating privity of contract between it and Air Stewart or Pubco, Burke has failed to satisfy its reciprocal summary judgment burden, and the trial court did not err in granting summary judgment on its claim for breach of contract.
In moving for summary judgment on Burke's quantum meruit claim, Air Stewart and Pubco again present the above cited affidavits establishing they are not principals, agents, representatives, or alter egos of any party receiving a benefit from Burke, and thus have not retained any benefit compensable under quantum meruit.
In response, Burke asserts Air Stewart and Pubco are liable because, as principals, they received the benefits conferred upon their agents. Again, Burke asserts the equitable ownership theory to implicate Air Stewart and Pubco; however Burke again fails to set forth any facts which would establish a principal/agent relationship and which would allow us to conclude Air Stewart or Pubco received a benefit from Burke's services.
Again, Burke failed under its reciprocal summary judgment burden to set forth material facts pertaining to the existence of a contract between it and Air Stewart or Pubco or any relationship that would obligate Air Stewart or Pubco for services rendered by Burke. Accordingly, the trial court did not err in granting summary judgment in favor of appellees on Burke's complaints for breach of contract or quantum meruit.
In its eighth assigned error, Burke argues the trial court erred in dismissing its claim that Air Stewart and Pubco committed fraud by making statements, through their agents, regarding the soundness of their financial condition and their ability to repay debts. We disagree.
When reviewing a Civ.R. 12(B)(6) dismissal, we independently review the complaint to determine the propriety of the dismissal.[17] A Civ.R. 12(B)(6) dismissal is proper only if, after entirely accepting the plaintiff's allegations as true, we determine the plaintiff cannot prove any set of facts entitling him to recovery.[18]
Allegations of fraud must be pled with particularity.[19] In order to prove fraud in the inducement, Burke must demonstrate Air Stewart and Pubco knowingly made a material misrepresentation with the intent of inducing reliance and Burke did, in fact, rely on that misrepresentation to its detriment.[20] A representation is material if it is essential to contract formation.[21] In other words, if the contract would not be formed but for the representation, then the representation is material.
Burke's claim for fraud fails for at least two reasons. First, Burke does not allege Air Stewart or Pubco made the statements; rather, it alleges F.O. and F.O.L. made statements attributable to Air Stewart and Pubco through an agency relationship. However, Burke does not set forth facts that establish an agency relationship existed. Second, Burke does not allege the statements were promises which would reasonably induce behavior. Asserting a financially sound condition or the ability to pay a debt is not the same as promising to pay the debt. These are mere statements of ability; not promises to confer a benefit or suffer a detriment.
For the foregoing reasons, we determine Burke failed to plead sufficient facts which establish Air Stewart or Pubco fraudulently induced it to suffer a detriment. The trial court did not err in dismissing Burke's fraud claim. Accordingly, Burke's eighth assigned error is without merit.
In its tenth assigned error, Burke argues the trial court erred by granting summary judgment in favor of Air Stewart and Pubco on their counterclaims that Burke failed to timely commence suit to enforce any claimed lien against the aircraft. We disagree.
R.C. 1311.78 provides that the owner of an aircraft may notify a lien claimant to commence suit on the lien. If the lien claimant fails to commence suit within sixty days of notice, the lien is void and the aircraft is wholly discharged from the lien.
Here, Burke received notice to commence suit on aircraft N59FL on or about February 23, 2000. Burke filed this action on April 21, 2000, well within the sixty days mandated by R.C. 1311.78. Nonetheless, Burke failed, in its first complaint and in its amended complaint, to sue upon the lien. Burke is suing upon debts purportedly owed for service to the aircraft and using the liens as a means to establish the appellees are liable as equitable owners of the aircraft. Suing upon the liens would require the lien claimant to assert a viable lien exists and a declaration of the lien claimant's priority. This, Burke failed to do.
Air Stewart and Pubco set forth facts demonstrating their entitlement to judgment as a matter of law; Burke failed in its reciprocal duty to set forth any genuine issue of material fact. Accordingly, the trial court did not err in granting summary judgment, and Burke's tenth assigned error is without merit. Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, J., and COLLEEN CONWAY COONEY, J., CONCUR.
[1] The complaint also named Edward J. Lemieux, Jr., Flight Operations Leasing, Inc., and LaiCo, Inc; however, on August 15, 2000 Burke released these parties.
[2] State ex rel. The V Cos. v. Marshall (1998), 81 Ohio St.3d 467.
[3] Nakoff v. Fairview General Hospital (1996), 75 Ohio St.3d 254,256-257.
[4] Chaney v. East (1994), 97 Ohio App.3d 431, 435.
[5] Id.
[6] Swanson v. Ohio Bell Tel. Co. (Dec. 4, 1980), Cuyahoga App. No. 42136. See, also, DeBaggis v. University of Notre Dame (Aug. 4, 1983), Cuyahoga App. No. 45594.
[7] Baiko v. Mays (2000), 140 Ohio App.3d 1.
[8] Id.
[9] Holliman v. Allstate Ins. Co., (1999), 86 Ohio St.3d 414; Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
[10] Dresher v. Burt, (1996), 75 Ohio St.3d 280, 298.
[11] Id. at 292.
[12] Id. at 292-293.
[13] Id. at 293.
[14] Id.
[15] (Emphasis added.) Civ.R. 56(E). See Dresher, supra.
[16] See Civ.R. 56(E); Dresher, supra.
[17] Girts v. Raaf (May 4, 1995), Cuyahoga App. No. 67774.
[18] Greeley v. Miami Valley Maintenance Contrs., Inc. (1990),49 Ohio St.3d 228, 230.
[19] Civ.R. 9(B).
[20] McManamon v. HR Mason Contrs. (Sept. 13, 2001), Cuyahoga App. No. 79014, citing Beer v. Griffith (1980), 61 Ohio St.2d 119.
[21] See Willis v. Avery Label Systems (Mar. 21, 1996), Cuyahoga App. No. 68617. See, also, Gaines v. Preterm-Cleveland, Inc. (1987),33 Ohio St.3d 54.