[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
{¶ 2} Plaintiff-appellant Cindy Lee filed an action against Springdale Cleaner ("Springdale") for $3000 in damages to replace her custom-made silk dress from Japan. Springdale did not file a counterclaim or an answer. According to the magistrate's decision, a hearing was conducted where Lee presented testimony and evidence. Following this, the magistrate rendered judgment in favor of Springdale, finding that Lee had brought her silk dress to Springdale in order to have the dress cleaned and to have sweat stains removed; that Springdale had expressly advised her that it could not guarantee that the stains would be removed; that the stains had not been removed; and that Springdale could not be held liable for the $3000 that Lee claimed was the cost of going to Japan and purchasing a new dress. Lee filed objections to the magistrate's decision, claiming that a default judgment should have been entered against Springdale and that the magistrate erred in finding that Springdale had advised Lee that her dress could be totally ruined by drycleaning. The trial court overruled the objections and affirmed the magistrate's decision.
{¶ 3} In her appeal, Lee asserts that the trial court erred in overruling her objections and entering judgment in favor of Springdale. Specifically, she argues that trial court erred in finding that Springdale had advised Lee that the dress could be "totally ruined" by drycleaning and that the trial court erred in not finding that her dress had been "totally ruined" by Springdale.
{¶ 4} Under App.R. 9 and 10(A), Lee must provide a complete record for our review, including exhibits, journal entries, transcripts, and other appropriate documents. When portions of the record necessary for resolution of the assigned errors are omitted from the record, we have no choice but to presume the validity of the trial court's proceedings.[1]
A review of the record shows that no transcript of the evidentiary hearing before the magistrate has been filed with this court. Moreover, there is nothing in the record to indicate that Lee filed affidavit or other adequate record of evidence to support her objections to the trial court. Accordingly, Lee's assignment of error is overruled and the judgment of the trial court is affirmed.
{¶ 5} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Winkler, JJ.
[1] See Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199,400 N.E.2d 384; Chaney v. East (1994), 97 Ohio App.3d 431, 435,646 N.E.2d 1138.