[Cite as *State v. Sheffey*, 2014-Ohio-200.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
## No.   98944

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JAMES SHEFFEY

DEFENDANT-APPELLANT

---

## JUDGMENT:
## APPLICATION DENIED

---

Cuyahoga County Court of Common Pleas
Case No. CR-560852
Application for Reopening
Motion No.   468212

**RELEASE DATE:**    January 17, 2014

**FOR APPELLANT**

James Sheffey, pro se
Inmate No. 631-444
Lorain Correctional Institution
2075 South Avon-Belden Road
Grafton, Ohio   44044

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:    Maxwell M. Martin
          Joseph J. Ricotta
Assistant County Prosecutors
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, A.J.:

{¶1} On September 11, 2013, the applicant, James Sheffey, pursuant to App.R. 26(B), and *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), applied to reopen this court's judgment in *State v. Sheffey*, 8th Dist. Cuyahoga No. 98944, 2013-Ohio-2463, in which this court affirmed Sheffey's convictions and sentences for four counts of felonious assault and one count each of improperly discharging a weapon into a habitation, having a weapon while under disability, and criminal damaging. The felonious assault and improper discharge counts also carried one- and three-year firearm specifications and a five-year specification for drive-by shooting. Sheffey argues that his appellate counsel should have argued that the trial court erred by not granting his motion for a new trial based on newly discovered evidence. On October 11, 2012, the state of Ohio filed its brief in opposition. For the following reasons, this court denies the application to reopen.

{¶2} On the evening of July 23, 2011, Wilson Clark, Leigh Clark, who is Wilson's aunt and Sheffey's former girlfriend, Wilson's daughter, Dominique Hearn, who was Wilson's girlfriend, and Hearn's daughter were together on Wilson's front porch. Sheffey, who lived nearby, stopped at Wilson's house and wanted Leigh Clark to talk and come with him. When Leigh refused to talk with Sheffey, Wilson and Sheffey got into an altercation, during which Sheffey fell down and cut his head. Sheffey then left in his car, and Wilson also left. Approximately ten minutes later, Sheffey returned. Dominique saw Sheffey pull out a gun, and all four women raced into the house. They

barely had entered the house, when the women heard shots fired. The police investigation found bullet holes in the house and Sheffey's blood on the driveway.

{¶3} At trial, Hearn was the sole witness who identified Sheffey as the person with the gun. Leigh Clark was subpoenaed as a witness but never appeared. After the trial, Sheffey's attorney moved for a new trial based on newly discovered evidence, Leigh Clark's "affidavit" that Sheffey's mother gave to defense counsel. This document is dated July 19, 2012, and states as follows: "To whom it may concern: (In regards to James Sheffey.) I Leigh Clark is [sic] writing this letter to inform you that Dominique Hearn, the children and I were in the house when the shooting took place. We were unable to see anything. Thank you, Leigh Clark." Beneath Clark's signature is a telephone number and the following jurat: "This statement was written before me on the above date 7-19-12 by affiant." Below that is the apparent signature of a notary. After a hearing on the matter, the trial judge denied the motion for new trial. Sheffey now argues that his appellate counsel should have argued that the trial court erred when it denied the motion for new trial based on Leigh Clark's affidavit.[1]

{¶4} In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d

---

[1] Appellate counsel raised six assignments of error: (1) the firearm specifications should have merged, (2) the trial court should have accepted Sheffey's *Alford* plea, (3) inconsistencies in the sentence, (4) manifest weight, (5) insufficient evidence, and (6) prosecutorial misconduct.

373 (1989); and *State v. Reed*, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456.

{¶5} In *Strickland*, the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland* at 689.

{¶6} Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-752, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme

Court of Ohio reaffirmed these principles in *State v. Allen*, 77 Ohio St.3d 172, 672 N.E.2d 638 (1996).

{¶7} Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.

{¶8} Sheffey's argument on ineffective assistance of appellate counsel is not well taken. First, under Crim.R. 33(A)(6), the defense must proffer the affidavits of witnesses who would present the new evidence. In the present case, Leigh Clark's statement is not an authentic affidavit. The jurat does not affirm that Clark's statements were made under oath. It merely states that statement was written before the notary. That is insufficient for an affidavit. *Chaney v. East*, 97 Ohio App.3d 431, 646 N.E.2d 1138 (8th Dist.1994), and *Occhionero v. Cox*, 8th Dist. Cuyahoga No. 92334, 2009-Ohio-3891.

{¶9} Moreover, in order to grant a motion for a new trial, the new evidence must disclose a strong probability that it will change the result of the trial. Evidence that merely impeaches is insufficient to grant a new trial. *State v. Petro,* 148 Ohio St.3d 505, 76 N.E.2d 370 (1947). However, Clark's affidavit does not necessarily even impeach

Hearn's testimony, but may be cumulative. Hearn testified that the four women ran into the house, and then the shots were fired. Thus, Clark's statement that they were in the house when the shooting took place is consistent with Hearn's testimony. Even accepting the inference from the statement none of the women could have seen the shooter, Clark's evidence merely impeaches Hearn's testimony, which is an insufficient basis to grant a motion for a new trial. Finally, there was uncertainty as to the author of the statement. Even defense counsel initially conceded: "We have no idea whose letter that is really." (Tr. 454.)

{¶10} In *Petro*, the Supreme Court of Ohio enunciated that a motion for a new trial based on newly discovered evidence "is necessarily committed to the wise discretion of the court, and a court of error cannot reverse unless there has been a gross abuse of that discretion." 148 Ohio St.3d at 507-508, 76 N.E.3d 370. Given the high standard of review, the uncertainty surrounding the statement, the questionable form of the "affidavit," and the merely impeaching effect of the statement, appellate counsel in the exercise of professional judgment properly rejected this argument as an assignment of error.

{¶11} Application denied.


_____
MARY J. BOYLE, ADMINISTRATIVE JUDGE

KENNETH A. ROCCO, J., and
MARY EILEEN KILBANE, J., CONCUR