[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 534.]

THE STATE OF OHIO, APPELLEE, *v.* REED, APPELLANT.

[Cite as *State v. Reed*, 1996-Ohio-21.]

*Appellate procedure—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel—Application denied when no genuine issue exists as to whether applicant was prejudiced by any alleged deficient performance by his appellate counsel.*

(No. 95-1048—Submitted September 15, 1995—Decided February 14, 1996.)

APPEAL from the Court of Appeals for Hamilton County, Nos. C-940315 and C-940322.

————————————

{¶ 1} Appellant, Darryl Reed, was convicted of drug abuse with a specification of a prior offense of violence and was sentenced to prison for four to ten years. The conviction was affirmed on appeal. *State v. Reed* (Oct. 28, 1994), Hamilton App. Nos. C-940315 and C-940322, unreported. The only issue raised on appeal was that the decision was manifestly against the weight of the evidence. The appellate brief, filed by counsel appointed to handle the appeal, did not cite any case law to support the lone assignment of error. Further, the brief made no mention of the defendant-appellant's request, denied by the trial court, to represent himself at trial.

{¶ 2} Subsequently, appellant, represented by new counsel from the Ohio Public Defender's Office, filed an application to reopen his appeal in the court of appeals under App.R. 26(B). Appellant alleged that appellate counsel was ineffective for failing to argue that the trial court erred by denying appellant his constitutional right to represent himself. The court of appeals denied the application to reopen, stating:

"Having reviewed appellant's claims and the record, the Court finds no genuine issue as to whether appellant was prejudiced by any alleged deficient performance by his appellate counsel. See *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052[ 80 L.Ed.2d 674]; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373; App.R. 26 (B)."

{¶ 3} Appellant filed an appeal to this court.

———————————

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *L. Susan Laker*, Assistant Prosecuting Attorney, for appellee.

*David H. Bodiker*, Ohio Public Defender, and *Gloria Eyerly*, Assistant State Public Defender, for appellant.

———————————

**WRIGHT, J.**

{¶ 4} The  only  issue to be decided at this stage of the case is whether the appellant has raised  a "genuine issue" as to his claim that he was denied effective assistance of appellate counsel, according to the dictates of App. R. 26 (B)(5). We express no judgment on appellant's contention that he was denied his constitutional right to defend himself.  Rather, we are concerned solely with the standard of review to be applied when assessing a defendant's request for reopening an appeal under App.R. 26(B)(5).

{¶ 5} In denying the application for reopening, the court of appeals applied the *Strickland* standard for determining whether a defendant is entitled to a new trial.  While this court has not expressed its view on adopting that standard for reopening appeals, the federal courts have used and now use *Strickland* to assess requests in cases alleging ineffective assistance of appellate counsel. See *Duhamel v. Collins* (C.A.5, 1992), 955 F.2d 962, 967; *Heath v. Jones* (C.A.11, 1991), 941 F.2d 1126; *Cross v. United States* (C.A.11, 1990), 893 F.2d 1287.  We hold that the two-prong analysis found in *Strickland* is the appropriate level of review to

determine whether an appellant has raised a "genuine issue" in an application for reopening an appeal under App.R.26(B)(5).

{¶ 6} In the present case, appellant contends that his appellate counsel was ineffective in failing to raise the trial court's denial of his constitutional right to represent himself. In *Faretta v. California* (1975), 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562, the United States Supreme Court held, without equivocation, that a criminal defendant has a Sixth Amendment right to self-representation. In *McKaskle v. Wiggins* (1984), 465 U.S. 168, 177, 104 S.Ct. 944, 950, 79 L.Ed.2d 122, 133, at fn.8, the court further held that the denial of the right to self-representation is reversible error *per se* and therefore that it may not be subjected to the harmless-error analysis.

{¶ 7} Upon examining appellant's appellate counsel's performance in its entirety, we find that appellant has met both prongs of the *Strickland* standard. The failure to raise a constitutional issue of such magnitude as self-representation clearly constitutes deficient performance. It is equally clear that, since appellant had a "reasonable probability" of success if this claim had been asserted, appellate counsel's failure to do so was prejudicial. Accordingly, appellant's appeal must be reopened so the court of appeals can determine whether Reed was denied his right to represent himself. We reverse the judgment of the court of appeals and remand with instructions to grant appellant's application to reopen his appeal and consider the merits of his claim.

*Judgment reversed*

*and cause remanded.*

MOYER, C.J., PFEIFER and COOK, JJ., concur.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., dissent.

_____