JOURNAL ENTRY AND OPINION
{¶ 1} On August 13, 2001, the applicant, James Moore, filed a timely application for reopening pursuant to App.R. 26(B).[1] He is attempting to reopen the appellate judgment that was rendered by this court in State v. Moore (May 31, 2001), Cuyahoga App. No. 78085. In that opinion, we affirmed the defendant's conviction for one count of murder with a firearm specification. On December 4, 2001, the State of Ohio filed a motion to file memorandum of law in opposition to the application to reopen instanter, which this court granted. Thereafter, on January 2, 2002, Moore filed a supplemental motion in support of his application to reopen. For the following reasons, we decline to reopen Moore's original appeal.
 {¶ 2} The doctrine of res judicata prohibits this court from reopening the original appeal. Errors of law that were either raised or could have been raised through a direct appeal may be barred from further review vis-a-vis the doctrine of res judicata. See, generally, State v.Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 1204. The Supreme Court of Ohio has further established that a claim for ineffective assistance of counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. State v.Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204. In this matter, we do not find the application of res judicata to be unjust.
 {¶ 3} Moore possessed a prior opportunity to raise and argue the claim of ineffective assistance of appellate counsel through an appeal to the Supreme Court of Ohio. Moore, however, did not file an appeal with the Supreme Court of Ohio and has further failed to provide this court with any valid reason why no appeal was taken to the Supreme Court of Ohio. State v. Hicks (Oct. 28, 1982), Cuyahoga App. No. 44456, reopening disallowed (Apr. 19, 1994), Motion No. 50328, affirmed (Aug. 3, 1994),70 Ohio St.3d 1408, 637 N.E.2d 6.
 {¶ 4} Furthermore, the State of Ohio argues that Moore raises the same or similar argument that the conviction was against the manifest weight of the evidence which was already assigned and argued in Moore's original appeal. We agree. As a consequence, res judicata bars Moore from maintaining an assignment of error in his application to reopen which asserts that the conviction was against the manifest weight of the evidence. See State v. Moore (May 31, 2001), Cuyahoga App. No. 78085.
 {¶ 5} We also find that Moore's application to reopen also fails to comply with App.R. 26(B)(2) which provides, in part:
 {¶ 6} An application for reopening shall contain all of the following:
 {¶ 7} * * *
 {¶ 8} (D) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and reference to the record * * *.
 {¶ 9} Moore fails to state in what ways his appellate counsel was deficient in respect to the assignments of error. Moore also fails to state how these claimed deficiencies prejudiced the outcome of his appeal. Accordingly, we must hold that Moore failed to set forth "the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal * * *." App.R. 26(B)(2). Moore's failure to comply with App.R. 26(B)(2)(d) is a sufficient basis for denying the application for reopening. See, e.g., State v. Towns
(Oct. 23, 1997), Cuyahoga App. No. 71244, reopening disallowed (May 4, 2000), Motion No. 6308, at 4-5.
 {¶ 10} Notwithstanding the above, in order for the Court to grant the application for reopening, Moore must establish that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).
 {¶ 11} In State v. Reed (1996), 74 Ohio St.3d 534, 535, [1996-Ohio-21], 660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct 2052,80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a "genuine issue" as to whether there was a "colorable claim" of ineffective assistance of counsel on appeal.
 {¶ 12} State v. Spivey, 84 Ohio St.3d 24, 1998-Ohio-704,701 N.E.2d 696, at 25. To establish such claim, applicant must demonstrate that counsel's performance was deficient and that deficiency prejudiced the defense. Strickland v. Washington (1984), 466 U.S. 688,80 L.Ed.2d 674, 104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
 {¶ 13} In his application, Moore claims that his court-appointed attorney never came to visit or speak to him about the appeal; never provided him a copy of the transcript; and never provided him a copy of the brief before it was filed. However, Moore does not establish how he was prejudiced by these claims. Strickland, supra. Therefore, we find that Moore failed to demonstrate any genuine issue as to whether he was deprived of the effective assistance of appellate counsel.
 {¶ 14} Accordingly, the application to reopen is denied.
JAMES D. SWEENEY, J. and JAMES J. SWEENEY, J., CONCUR
[1] Moore's application to reopen has two time stamps. The first stamp, which was voided, was August 13, 2001. The second time stamp was September 24, 2001. In his application, Moore does state that he filed the application on or about August 7, 2001. Since the State did not raise the issue of timeliness, we will treat the application to have been filed on August 13, 2001.