JOURNAL ENTRY AND OPINION
{¶ 1} On June 15, 2004, Lyman Gray filed a timely application for reopening pursuant to App. R. 26(B). He is attempting to reopen the appellate judgment that was rendered by this court inState v. Gray, Cuyahoga App. No. 83097, 2004-Ohio-1454. In that opinion, we affirmed defendant's convictions for aggravated murder, aggravated burglary, aggravated robbery, felonious assault, and having a weapon while under disability, but remanded the matter for resentencing. For the following reasons, we decline to reopen Gray's original appeal.
 {¶ 2} The doctrine of res judicata prohibits this court from reopening the original appeal. Errors of law that were either raised or could have been raised through a direct appeal may be barred from further review vis-a-vis the doctrine of res judicata. See, generally, State v. Perry (1967),10 Ohio St.2d 175, 226 N.E.2d 1204. The Supreme Court of Ohio has further established that a claim for ineffective assistance of counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust.State v. Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204.
 {¶ 3} Gray possessed a prior opportunity to raise and argue the claim of ineffective assistance of appellate counsel through an appeal to the Supreme Court of Ohio. However, Gray did not file an appeal with the Supreme Court of Ohio and has further failed to provide this court with any valid reason why no appeal was taken to the Supreme Court of Ohio. State v. Hicks (Oct. 28, 1982), Cuyahoga App. No. 44456, reopening disallowed (Apr. 19, 1994), Motion No. 50328, affirmed (Aug. 3, 1994),70 Ohio St.3d 1408, 637 N.E.2d 6. We further find that the application of res judicata would not be unjust.
 {¶ 4} Notwithstanding the above, Gray fails to establish that his appellate counsel was ineffective. In regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld an appellate attorney's discretion to decide which issues he or she believes are the most fruitful arguments. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue, if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745,77 L.Ed.2d 987, 103 S.Ct. 3308. Additionally, appellate counsel is not required to argue assignments of error which are meritless.Barnes, supra.
 {¶ 5} Thus, in order for the court to grant the application for reopening, Gray must establish that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). "In State v.Reed, 74 Ohio St.3d 534, 535, 1996-Ohio-21, 660 N.E.2d 456, 458, we held that the two-prong analysis found in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a `genuine issue' as to whether there was a `colorable claim' of ineffective assistance of counsel on appeal." State v. Spivey, 84 Ohio St.3d 24, 25, 1998-Ohio-704,701 N.E.2d 696.
 {¶ 6} To establish such claim, the applicant must demonstrate that counsel's performance was deficient and that deficiency prejudiced the defense. Strickland v. Washington (1984),466 U.S. 688, 80 L.Ed.2d 674, 104 S.Ct. 2052; State v. Bradley
(1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990),497 U.S. 1011, 110 S.Ct. 3258. In this matter, Gray fails to establish any such deficiency.
 {¶ 7} In his first assignment of error, Gray argues that his appellate counsel was ineffective by failing to demonstrate that trial counsel's failure to hire an expert witness to challenge the ballistics test after the court allowed counsel to hire a forensic expert was ineffective assistance of counsel. In his direct appeal, appellate counsel raised ineffectiveness of counsel on this issue. However, in rejecting the assignment of error, this court found that the evidence in the record failed to demonstrate that trial counsel's performance fell below an objective standard of reasonableness since their decision not to hire an expert was trial strategy. Since this court previously found that counsel's decision not to challenge the ballistics testimony with expert testimony was trial strategy, we find no merit in Gray's proposed assignment of error.
 {¶ 8} In his second and third assignments of error, Gray argues that counsel was ineffective for not raising ineffective assistance of trial counsel for counsel's failure to object to Detective Wilson testifying as an expert witness and for neither objecting nor requesting an explanation in failing to order the prosecution to state its reasons for exercising its peremptory challenges.
 {¶ 9} Gray raised similar arguments in his direct appeal. These issues, however, were deemed waived because counsel failed to object. After reviewing Gray's two new assignments of error, even if we found that counsel's failure to object constituted ineffective assistance of counsel, Gray fails to demonstrate how he was prejudiced.
 {¶ 10} Finally, in his last assignment of error, Gray asserts that his appellate counsel was ineffective for failing to inform him of counsel's waiver of oral argument. Again we find that Gray failed to demonstrate how his appeal would have been successful had counsel presented oral argument or informed him of the decision to waive oral argument.
 {¶ 11} Accordingly, Gray's application to reopen is denied.
Dyke, P.J., Concurs.
 Cooney, J., Concurs.