JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Michael Smith has filed a timely application for reopening pursuant to App.R. 26(B). Smith is attempting to reopen the appellate judgment that was rendered by this court in State v. Smith, Cuyahoga App. Nos. 87255 and 87366, 2006-Ohio-6268, which affirmed his guilty plea to attempted aggravated burglary and attempted felonious assault, affirmed his conviction for the offense of felonious assault, but remanded for the sole purpose of resentencing. For the following reasons, we decline to reopen the Smith appeal.
 {¶ 2} Initially, we find that the doctrine of res judicata prevents this court from reopening Smith's appeal. Res judicata may be applied to bar the further litigation of issues that were raised or could have been raised on appeal. See, generally, State v. Perry (1967),10 Ohio St.2d 175, 226 N.E.2d 104. A claim of ineffective assistance of appellate counsel will be barred from review, by the doctrine of res judicata, unless circumstances render the application of the doctrine unjust.State v. Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204.
 {¶ 3} Herein, Smith possessed a prior opportunity to argue the claim of ineffective assistance of appellate counsel through an appeal to the Supreme Court of Ohio. Smith did file an appeal, pro se, with the Supreme Court of Ohio on January 8, 2007. The Supreme Court of Ohio, however, dismissed Smith's appeal on March 28, 2007. Since the issue of ineffective assistance of appellate counsel was raised or could have been raised upon appeal to the Supreme Court of Ohio, *Page 4 
the doctrine of res judicata now bars any further litigation of the claim. State v. Dehler, 73 Ohio St.3d 307, 1995-Ohio-320,652 N.E.2d 987; State v. Terrell, 72 Ohio St.3d 247, 1995-Ohio-54, 648 N.E.2d 1353. We further find that the circumstances of this case do not render the application of the doctrine of res judicata unjust. State v. Smith (Jan. 29, 1996), Cuyahoga App. No. 68643, unreported, reopening disallowed (June 14, 1996), Motion No. 71793.
 {¶ 4} Notwithstanding the application of the doctrine of res judicata, a substantive review of Smith's brief in support of his application for reopening fails to establish the claim of ineffective assistance of appellate counsel. It is well settled that appellate counsel is not required to raise and argue assignments of error that are meritless.Jones v. Barnes (1983), 463 U.S. 745, 77 L.Ed.2d 987, 103 S.Ct. 3308. Appellate counsel cannot be considered ineffective for failing to raise every conceivable assignment of error on appeal. Id; State v.Grimm, 73 Ohio St.3d 413, 1995-Ohio-24, 653 N.E.2d 339. Smith must also establish the prejudice which results from the claimed deficient performance of appellate counsel. Finally, Smith must demonstrate that but for the deficient performance of appellate counsel, the result of his appeal would have been different. State v. Reed, 74 Ohio St.3d 534,1996-Ohio-21, 660 N.E.2d 456. Therefore, in order for this court to grant an application for reopening, Smith must establish that "there is a genuine issue as to whether the applicant was deprived of the assistance of counsel upon appeal." App.R. 26(B)(5). *Page 5 
 In State v. Reed (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.
State v. Spivey, 84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696, at 25.
 {¶ 5} Herein, Smith argues that "where counsel fails to raise significant and obvious issues of constitutional magnitude in favor of weaker arguments with little or no chance of success, such counsel is ineffective if the results of the appeal were prejudiced." Smith argues that the following issues demonstrate ineffective assistance of appellate counsel: (1) appellate counsel failed to follow Smith's instructions with regard to the issue of sufficiency of the evidence; (2) failure of appellate counsel to argue that trial counsel was ineffective vis-a-vis cross-examination of the state's witnesses; (3) conviction was based upon false testimony; (4) Smith was not allowed to view a surveillance video tape; and (5) sentencing errors.
 {¶ 6} A review of Smith's five proposed issues fails to support the claim that appellate counsel was ineffective upon appeal. Appellate counsel possesses the necessary discretion to decide which issues are most fruitful and should be argued on appeal. Jones v. Barnes, supra. Consideration of the remaining issues would *Page 6 
not have resulted in a reversal of Smith's guilty plea or conviction for the offenses of attempted felonious burglary, attempted felonious assault, and felonious assault. Finally, the issues raised by Smith were specifically raised on appeal to the Supreme Court of Ohio and as thus barred from further review by the doctrine of res judicata.Strickland v. Washington, supra; State v. Smith (1985),17 Ohio St.3d 98, 477 N.E.2d 1128; Vaughn v. Maxwell (1965), 2 Ohio St.2d 299,209 N.E.2d 164. {¶ 7} Accordingly, Smith's application for reopening is denied.
 MARY EILEEN KILBANE, P.J., and PATRICIA A. BLACKMON, J., CONCUR *Page 1