[Cite as *State v. Miller*, 2011-Ohio-3239.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 93585**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ELLIOT MILLER

DEFENDANT-APPELLANT

---

## JUDGMENT:
## APPLICATION DENIED

---

Cuyahoga County Common Pleas Court
Case No. CR-513120
Application for Reopening
Motion No. 439396

**RELEASE DATE:** June 24, 2011

**FOR APPELLANT**

Elliott Miller, pro se
Inmate No. 570-436
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio 44901

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By:   Kristen L. Sobieski
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

COLLEEN CONWAY COONEY, J.:

{¶ 1}   On November 17, 2010, the applicant, Elliot Miller, pursuant to App.R. 26(B) and *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, applied to reopen this court's judgment in *State v. Miller,* Cuyahoga App. No. 93585, 2010-Ohio-4004, in which this court affirmed his convictions for five counts of gross sexual imposition and one count of kidnapping with a sexual motivation specification.   Miller claims that his appellate counsel

was ineffective for not arguing (1) that the verdict was against the manifest weight of the evidence and (2) that there was insufficient evidence to support the verdict. On December 16, 2010, the state of Ohio filed its brief in opposition. For the following reasons, this court denies the application.

{¶ 2} In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768; and *State v. Reed*, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456.

{¶ 3} In *Strickland*, the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The Court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 104 S.Ct. at 2065.

**{¶ 4}** Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes* (1983), 463 U.S. 745, 103 S.Ct. 3308, 3313, 77 L.Ed.2d 987. Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the Court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in *State v. Allen*, 77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638.

**{¶ 5}** Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.

{¶ 6} The victim, MN, testified in the underlying case as follows: She and her two-year-old son had recently moved into the home of her boyfriend in Cleveland. The house needed considerable repair, including the plumbing. The boyfriend had hired Miller, a next-door neighbor, to fix a leaking toilet. In late afternoon, she was alone in the house with Miller and her son. Miller asked her for help in lifting the toilet. After she finished helping him, Miller started "coming on" to her. He grabbed her by the arms, kissed her neck, rubbed his body against hers, and felt her chest, legs, and buttocks. He held her against the wall and blocked her from leaving the bathroom. MN protested and told Miller to stop, and eventually she was able to get out of the bathroom which was on the ground floor.

{¶ 7} After a short time, while MN was going through the kitchen to go upstairs to her son, Miller grabbed her again and dragged her to the basement on the pretense of showing her something wrong with the pipes. Miller then pulled out his penis, picked up MN, and pushed her against the wall between the washing machine and a sink. Again, he kissed her, partially disrobed her, forced her to touch his penis, and felt her vagina and breasts. After several minutes of protesting and struggling, MN got free. She then took her son and left the house to call her boyfriend and the police. When she returned to await the arrival of her boyfriend, Miller was next door, sitting on his porch.

{¶ 8} Appellate counsel was not ineffective for failing to raise arguments relating to the sufficiency or weight of the evidence. MN's testimony provided sufficient evidence,

which if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The Supreme Court of Ohio in *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, ruled that the "relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Given this rule of law and the evidence presented by the prosecution, appellate counsel in the exercise of reasonable professional judgment could have concluded properly that such an argument was not worth pursuing.

{¶ 9} The test for determining whether the conviction was against the manifest weight of the evidence is as follows: "The court reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. The prosecution's case was strong enough that appellate counsel in the exercise of reasonable professional judgment could conclude that a manifest weight argument would not be persuasive. The record does not indicate that the jury lost its way. As the court stated in *State v. Napier* (1995), 105 Ohio App.3d 713, 719-720, 659 N.E.2d 314: "A verdict cannot be said as a matter of law to be manifestly against the weight or sufficiency of the evidence where substantial evidence is

offered by the state in support of all of the elements of the charged offense, and if such evidence was of sufficient probative value to sustain a conviction, the reviewing court will not reverse on the sufficiency or weight of the evidence." That ruling applies to this case.

{¶ 10} Accordingly, this court denies the application.


_____
COLLEEN CONWAY COONEY, JUDGE

MELODY J. STEWART, P.J., and
JAMES J. SWEENEY, J., CONCUR