[Cite as *State v. Williams*, 2013-Ohio-3532.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 99294**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## THOMAS B. WILLIAMS, III

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-562386

**BEFORE:**   Stewart, A.J., Rocco, J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:**   August 15, 2013

**ATTORNEY FOR APPELLANT**

Michaele Tyner
Rockside Plaza, Suite 321
1440 Rockside Road
Parma, OH   44134


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:   John D. Kirkland
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH   44113

MELODY J. STEWART, A.J.:

{¶1} A jury found defendant-appellant Thomas Williams III guilty of felonious assault for kicking a teenaged boy in the mouth following a verbal altercation. The court also found Williams guilty of a notice of prior conviction and a repeat violent offender specification. Williams was sentenced to four years incarceration.

{¶2} At trial, several witnesses described the following events taking place on May 2, 2012. A group of teenaged boys were playing basketball in the parking lot of a church in Cleveland when an adult male attempted to cross the parking lot. For unknown reasons, this individual started shouting profanities at one of the boys. The two were exchanging heated words when another one of the teenagers intervened in an effort to defuse the situation. The teen placed himself between the two, however when he tried to walk away, he was "round-house" kicked in the mouth by the man. After the assault, the man walked away leaving the church grounds. Several of the witnesses were able to give police a general description of the assailant. Williams matched the description given and was found by police eight blocks away from the church.

{¶3} In this appeal, Williams asserts two assignments of error. First, Williams challenges the sufficiency of the evidence presented to support a conviction for felonious assault. Williams argues that the evidence failed to identity him as the assailant. He further argues that the injury sustained by the victim did not rise to the degree of

seriousness required under the statute.  In his second assignment of error, Williams contends that the jury verdict was against the manifest weight of the evidence due to uncertainties in witness testimony at trial. We find no merit to these arguments.

{¶4} Evidence is sufficient to sustain a guilty verdict where, examining the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the prosecution proved the essential elements of the crime beyond a reasonable doubt.  *State v. Griffith*, 8th Dist. Cuyahoga No. 97366, 2012-Ohio-2628, _ 3, citing *State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, 767 N.E.2d 216, ¶ 78.

{¶5}    The state charged Williams with felonious assault under R.C. 2903.11(A)(1), which states in relevant part that "[n]o person shall knowingly * * * [c]ause serious physical harm to another * * *."   The evidence presented was sufficient to show that Williams intentionally kicked the teen victim in the mouth causing him serious injury.   At trial, one of the witnesses testified that while driving to the church for choir practice, she noticed a man acting disorderly and screaming profanities at a nearby house prior to the incident.  She described this individual to the police, and at trial testified that Williams might be the same person she saw earlier.   Additionally, officers arriving at the scene after the attack interviewed witnesses who described the suspect as a black male, approximately 35 years of age and wearing a red shirt with the letter "H" in white print on it.   He was also described as wearing gray or black pants.

{¶6} The police drove around the neighborhood and saw two men walking who were wearing red shirts.   The younger of the two appeared considerably younger than 35

and was wearing white pants. The other man was wearing dark colored pants, and his shirt had a white "H" on the front of it. Both men ran but the officers were able to capture the older man who was later identified as Williams.

{¶7} The victim, who testified to standing at one point approximately one to two feet away from the person who kicked him, identified Williams as his attacker. Williams was also identified by the victim's friend who first encountered the assailant in the parking lot. At trial, this witness described his level of certainty as "100 percent" with regard to the identity of Williams as the assailant.

{¶8} Additionally, we find that the victim's injuries were "serious" as required by R.C. 2903.11(A)(1). Serious physical harm is defined in R.C. 2901.01(A)(5). As applicable to this case, serious injury includes "[a]ny physical harm that involves * * * temporary, substantial incapacity * * * temporary, serious disfigurement * * * or that involves any degree of prolonged or intractable pain." R.C. 2901.01(A)(5)(c-e).

{¶9} The victim's mother testified at trial that as a result of being kicked in the mouth, her son's jaw was broken and had to be wired shut for two and a half months. During this time, he was medicated with morphine and oxycontin for pain management and placed on a liquid diet. The victim lost 15 to 16 teeth, which had to be replaced with dental implants. These injuries clearly rise to the level of seriousness outlined in R.C. 2901.01(A)(5).

{¶10} For the above reasons, we conclude that the evidence was sufficient to support Williams's conviction for felonious assault.

{¶11} Williams next argues that his conviction is against the manifest weight of the evidence. A manifest weight of the evidence standard of review requires a reviewing court to examine the record as a whole and weigh the evidence, all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving evidentiary conflicts, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. King*, 8th Dist. Cuyahoga No. 98234, 2013-Ohio-574, citing *State v. Otten*, 33 Ohio App.3d 339, 515 N.E.2d 1009 (9th Dist.1986).

{¶12} According to Williams, none of the trial witnesses could say with absolute certainty that he was the person who kicked the victim. Williams further claims that the victim in this case was too distraught to give an accurate account of the events of that day, and that all other witnesses called by the state are equally unreliable because they never actually saw the attack occur. Moreover, Williams makes much of the fact that the man walking next to him at the time of his arrest was also wearing a red shirt.[1]

{¶13} We find, however, that there is an overwhelming amount of evidence indicating Williams is the assailant. Several witnesses placed Williams on the church's property the day of the incident. Police investigating the scene interviewed a woman living in a house neighboring the church where the assailant was seen. She identified the assailant by the name "Tommy." Williams was also identified by the victim as well

---

[1] This man fled from the police and was never investigated as a possible suspect.

as the teenager involved in the verbal altercation. Both of these witnesses were in a position to see the assailant at close range. Other witnesses were able to place Williams in the neighborhood and described his demeanor as agitated. Williams's clothing matched the description of that worn by the assailant, and he was found in walking distance from the church. After reviewing the record, we cannot agree that the jury lost its way by finding that the evidence presented was competent and credible enough to warrant a conviction.

{¶14} Lastly, Williams argues that the way the victim claims to have been attacked is physically impossible. Williams states that its impossible to "round-house" kick someone without either falling or having something to lean on for support. We summarily reject this argument. Contrary to Williams's statement that no testimony was given describing exactly how this kick occurred, at trial the victim sufficiently recounted the events leading to his injury. He was able to give a detailed account of the way Williams kicked him. For these reasons, we find Williams's argument on this point without merit.

{¶15} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's

conviction having been affirmed, any bail pending appeal is terminated.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
MELODY J. STEWART, ADMINISTRATIVE JUDGE

KENNETH A. ROCCO, J., and
EILEEN A. GALLAGHER, J., CONCUR