[Cite as *State v. Williams*, 2014-Ohio-1053.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99294**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## THOMAS B. WILLIAMS, III

DEFENDANT-APPELLANT

**JUDGMENT:**
APPLICATION DENIED

Cuyahoga County Court of Common Pleas
Case No. CR-12-562386-A
Application for Reopening
Motion No. 469834

**RELEASE DATE:**    March 18, 2014

**FOR APPELLANT**

Thomas B. Williams, III, pro se
Mansfield Correctional Institution
P.O. Box 788
Mansfield, OH    44901


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    John D. Kirkland
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 9th Floor
Cleveland, OH    44113

MELODY J. STEWART, J.:

**{¶1}** Thomas B. Williams, III has filed a timely application for reopening pursuant to App.R. 26(B). Williams is attempting to reopen the appellate judgment, rendered in *State v. Williams*, 8th Dist. Cuyahoga No. 99294, 2013-Ohio-3532, that affirmed his conviction for the offense of felonious assault. We decline to grant the application for reopening.

**{¶2}** In order to establish a claim of ineffective assistance of appellate counsel, Williams must demonstrate that appellate counsel's performance was deficient and that, but for the deficient performance, the result of his appeal would have been different. *State v. Reed*, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456. Specifically, Williams must establish that "there is a genuine issue as to whether he was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).

**{¶3}** In *State v. Smith*, 95 Ohio St.3d 127, 2002-Ohio-1753, 766 N.E.2d 588, the Supreme Court of Ohio held that:

> Moreover, to justify reopening his appeal, [applicant] "bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *State v. Spivey*, 84 Ohio St.3d 25, 1998-Ohio-704,701 N.E.2d 696.
>
> *Strickland* charges us to "appl[y] a heavy measure of deference to counsel's judgments," 466 U.S. at 691, 104 S.Ct. 2052, 80 L.Ed.2d 674, and to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *id*. at 689, 104 S.Ct. 2052, 80 L.Ed. 674. Moreover, we must bear in mind that appellate counsel need not raise every possible issue in order to render constitutionally effective assistance. *See Jones v. Barnes*, 463 U.S. 745, 103 S.Ct 3308, 77 L.Ed.2d 987 (1983); *State v. Sander*, 94 Ohio St.3d 150, 761 N.E.2d 18 (2002).

*Smith* at ¶ 7.

**{¶4}** In addition, the Supreme Court of Ohio, in *State v. Spivey*, 84

Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696, held that:

> In *State v. Reed* (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in *Strickland v.Washington* (1984), 466 U.S. 668, 104 S.Ct 2052, 80 L.Ed 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus [applicant] bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.

*Id.*

**{¶5}** It is well settled that appellate counsel is not required to raise and argue assignments of error that are meritless. *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Appellate counsel cannot be considered ineffective for failing to raise every conceivable assignment of error on appeal. *Jones v. Barnes*, *supra*; *State v. Grimm*, 73 Ohio St.3d 413, 1995-Ohio-24, 653 N.E.2d 253; *State v. Campbell*, 69 Ohio St.3d 38, 1994-Ohio-492, 630 N.E.2d 339.

**{¶6}** In *Strickland*, the United States Supreme Court also stated that a court's scrutiny of an attorney's work must be deferential. The court further stated that it is too tempting for a defendant-appellant to second-guess his attorney after conviction and appeal and that it would be all too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Accordingly, "a court must indulge a strong presumption that counsel's conduct falls within the wide

range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. Finally, the United States Supreme Court has upheld the appellate attorney's discretion to decide which issues he or she believes are the most fruitful arguments and the importance of winnowing out weaker arguments on appeal and focusing on one central issue or at most a few key issues. *Jones v. Barnes*, *supra*.

{¶7} Williams's sole proposed assignment of error, in support of his claim of ineffective assistance of appellate counsel, is that:

> Defendant was denied effective [a]ssistance of [c]ounsel when [trial counsel] failed to properly examine each of the state's witnesses regarding their credibility, their internal inconsistency, and their conflicting testimony with each other's testimonies.

{¶8} Williams, through his sole proposed assignment of error, essentially argues that his conviction was against the manifest weight of the evidence. Specifically, Williams argues that the trier of fact clearly lost its way based upon the credibility of the state's witnesses, inconsistent testimony, and conflicting testimony.

{¶9} Williams's sole assignment of error is barred from further review by the doctrine of res judicata. *See generally State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). The Supreme Court of Ohio has also established that a claim of ineffective assistance of appellate counsel may be barred from further review, in an App.R. 26(B) application for reopening, by the doctrine of res judicata. *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992).

**{¶10}** The issue of manifest weight was previously raised and argued on direct appeal. This court held that:

> Williams next argues that his conviction is against the manifest weight of the evidence. A manifest weight of the evidence standard of review requires a reviewing court to examine the record as a whole and weigh the evidence, all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving evidentiary conflicts, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. King*, 8th Dist. Cuyahoga No. 98234, 2013-Ohio-574, citing *State v. Otten*, 33 Ohio App.3d 339, 515 N.E.2d 1009 (9th Dist.1986).
>
> According to Williams, none of the trial witnesses could say with absolute certainty that he was the person who kicked the victim. Williams further claims that the victim in this case was too distraught to give an accurate account of the events of the day, and that all other witnesses called by the state are equally unreliable because they never actually saw the attack occur. * * *
>
> We find, however, that there is an overwhelming amount of evidence indicating Williams is the assailant. Several witnesses placed Williams on the church's property the day of the incident. Police investigating the scene interviewed a woman living in a house neighboring the church where the assailant was seen. She identified the assailant by the name "Tommy." Williams was also identified by the victim as well as the teenager involved in the verbal altercation. Both of these witnesses were in a position to see the assailant at close range. Other witnesses were able to place Williams in the neighborhood and described his demeanor as agitated. Williams's clothing matched the description of that worn by the assailant, and he was found in walking distance of the church. After viewing the record, we cannot agree that the jury lost its way by finding that the evidence presented was competent and credible enough to warrant a conviction.

*Williams* at ¶ 11.

**{¶11}** Consideration of Williams's sole assignment of error, premised upon credibility of the witnesses, inconsistent testimony, and conflicting testimony, would not have resulted in a different outcome on appeal. Thus, Williams was not deprived of the

guarantee of effective assistance of appellate counsel and has failed to establish a basis for the reopening of his original appeal. *State v. Smith*, 17 Ohio St.3d 98, 477 N.E.2d 1128 (1985); *Vaugh v. Maxwell*, 2 Ohio St.2d 299, 209 N.E.2d 164 (1965).

{¶12} Application denied.

_____

MELODY J. STEWART, JUDGE

KENNETH J. ROCCO, P.J., and
EILEEN A. GALLAGHER, J., CONCUR