[Cite as *State v. Wells*, 2014-Ohio-1507.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 98388

## STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

## ERIC WELLS

### DEFENDANT-APPELLANT

## JUDGMENT:
### APPLICATION DENIED

Cuyahoga County Court of Common Pleas
Case No. CR-10-536779-A
Application for Reopening
Motion Nos. 470171 and 470206

**RELEASE DATE:** April 8, 2014

**ATTORNEY FOR APPELLANT**

Carrie Wood
Assistant State Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215

**APPELLANT**

Eric Wells, pro se
Inmate Number 624-216
Trumbull Correctional Institution
P.O. Box 901
Leavittsburg, Ohio 44430-0901

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Kristen L. Sobieski
Assistant County Prosecutor
1200 Ontario Street, 9th Floor
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} On November 25, 2013, the applicant, Eric Wells, pursuant to App.R. 26(B) and *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), applied to reopen this court's judgment in *State v. Wells,* 8th Dist. Cuyahoga No. 98388, 2013-Ohio-3722, which affirmed Wells's convictions for aggravated murder with a three-year firearm specification and having a weapon while under disability. Wells's new lawyer argues that appellate counsel was ineffective for not making a full federal constitutional argument on speedy trial. On November 26, 2013, Wells, pro se, filed another App.R. 26(B) application claiming that his appellate counsel was ineffective for not arguing that the trial judge violated his right to a public trial by excluding his mother and family members from the trial and that trial counsel was ineffective for not challenging a probation hold. On December 26, 2013, the state of Ohio filed its brief in opposition. For the following reasons, this court denies the applications.

{¶2} In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989); and *State v. Reed*, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456.

{¶3} In *Strickland,* the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be

all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland* at 689.

{¶4} Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-752, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in *State v. Allen*, 77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638.

{¶5} Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must

further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.

{¶6}   Wells was arrested for murder on April 21, 2010, and remained in jail until his trial on April 24, 2012, 734 days later.[1]   He raised the speedy trial issue pro se at least five times.   Thus, his appellate counsel's first assignment of error was that Wells's "constitutional rights were violated when the charges were not dismissed when he was not brought to trial within the statutory time period for speedy trial."[2]   R.C. 2945.71 requires a defendant charged with a felony to be tried within 270 days.   If he is incarcerated, each day counts as three.   However, if the defendant is in jail pursuant to other charges or has a pending parole or probation violation, this triple court provision does not apply.   Throughout the proceedings, Wells had an outstanding probation violation.   In *State v. Wells*, Cuyahoga C.P. CR-10-525073-A, he was found guilty of drug trafficking and placed on one year of community control sanctions including random

---

[1] The murder was committed in August 2006.

[2]   The other assignments of error were (1) the trial court erred in denying motions to suppress identifications, (2) the trial court failed to give a jury instruction on the failure to comply with R.C. 2933.83 photo lineup procedures, (3) the trial court allowed inadmissible evidence, (4) the verdict was against the manifest weight of the evidence, and (5) there was insufficient evidence to support the conviction.

drug testing. On April 19, 2010, Wells was arrested for a drug-positive urinalysis. Nothing was done on this probation hold until the judge terminated the community control sanctions after Wells's murder conviction. Thus, the probation hold precluded the triple count throughout the murder proceedings.

{¶7} In crafting the speedy trial argument, appellate counsel stated the governing principles and then gave a detailed day-by-day analysis of which days counted toward the 270-day period and which did not. He concluded that even after allowing for continuances caused by defendant's requests and motions, at least 279 days had elapsed and that Wells was, thus, entitled to a discharge. Although he had invoked the constitutional right to a speedy trial, he did not provide a corresponding constitutional analysis.

{¶8} This court conducted its own day-by-day analysis, subtracting the continuances at defendant's requests, the delays caused by the defendant's motions including a request for new counsel, the days witnesses were unavailable because of health conditions, and joint requests for continuances for DNA analysis. This court concluded that only 226 speedy trial days had elapsed, and, thus, Wells was tried within the statutory period.

{¶9} Wells's new counsel argues that the original appellate counsel should have made a constitutional speedy trial argument pursuant to *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). In *Barker*, the United State Supreme Court repeatedly noted the nebulous nature of the right and how it cannot be precisely defined.

Rather, in determining whether a defendant's speedy trial right has been violated, a court must use a balancing test involving such factors as the length of the delay, the reasons for the delay, the defendant's assertion of the right, and prejudice to the defendant. In considering the multiple reasons for the continuances and the overwhelming evidence against the defendant, it is understandable that appellate counsel in the exercises of professional judgment could decide to eschew an imprecise argument in favor of the statutory analysis. Following the admonition of the United State Supreme Court, this court declines to second-guess the reasonable strategic and tactical decisions of counsel.

{¶10} Wells's first pro se argument is that the trial court committed structural error by excluding his mother and other family members during the testimony of Stacy Jarrell and all other trial proceedings. A review of Jarrell's testimony shows that before his testimony began, the court excluded a woman, identified as "his mother," on the basis of separation of witnesses. Similarly, at an earlier hearing, the court ordered the removal of some individuals on the basis of separation of witnesses. (Tr. 19-20.) Appellate counsel in the exercise of professional judgment could decline an argument challenging the long-standing principle of separation of witnesses.

{¶11} Wells's other pro se argument is that trial counsel should have challenged the probation violation hold. Wells reasons that if his trial counsel had challenged the probation violation hold, then the hold would have been vacated, the triple count would have resumed, and he would have been released because the speedy trial time would have lapsed. However, this argument is subject to too much speculation to be viable,

especially as to when trial counsel would have challenged the hold, what the result would have been, and what effect vacating the probation hold would have had on scheduling the murder trial. Speculation does not establish prejudice. *State v. Thompson,* 8th Dist. Cuyahoga No. 79334, 2002-Ohio-5957, *reopening disallowed* 2003-Ohio-4336. Furthermore, this argument is a variant of the speedy trial argument. Again, it is understandable that appellate counsel in the exercise of professional judgment could decline to make an argument based on speculation in favor of the precise statutory speedy trial argument.

{¶12} In *State v. Martin*, 103 Ohio St.3d 385, 391, 2004-Ohio-5471, 816 N.E.2d 227, the Supreme Court of Ohio ruled that a criminal defendant has the right to representation by counsel or to proceed pro se, but the two rights are independent of each other and may not be asserted simultaneously. In the present application to reopen, Wells is represented by counsel who filed an application first. Therefore, this hybrid representation principle provides an additional and independent reason for denying Wells's pro se application.

{¶13} Accordingly, this court denies the applications to reopen.

_____
KATHLEEN ANN KEOUGH, JUDGE

LARRY A. JONES, SR., P.J., and
MARY EILEEN KILBANE, J., CONCUR