[Cite as *State v. Johnson*, 2023-Ohio-80.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 110673 |
| CURTIS JOHNSON, | : | |
| Defendant-Appellant. | : | |

**JOURNAL ENTRY AND OPINION**

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** January 11, 2023

Cuyahoga County Court of Common Pleas
Case No. CR-20-647441-A,
Application for Reopening
Motion No. 558684

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Kristen Hatcher and Kristen L. Sobieski, Assistant Prosecuting Attorneys, *for appellee.*

Curtis Johnson, *pro se.*

SEAN C. GALLAGHER, P.J.:

{¶ 1} On October 4, 2022, the applicant, Curtis Johnson, pursuant to App.R. 26(B), applied to reopen this court's judgment in *State v. Johnson,* 8th Dist.

Cuyahoga No. 110673, 2022-Ohio-2577, in which this court affirmed his convictions for two counts of murder, two counts of felonious assault, and one count each of involuntary manslaughter, discharge of a firearm on or near prohibited premises, all with one- and three-year firearm specifications, and having weapons while under disability. Johnson now maintains that his appellate counsel should have argued the following: (1) Johnson was denied his constitutional right for the jury to decide the weight of the evidence and the credibility of the witnesses; (2) trial counsel was ineffective for failing to seek jury instructions on the lesser included offense of manslaughter; and (3) there was clear error in the record by labeling Johnson as the "shooter" in the synthesized video of the event. The state of Ohio filed its brief in opposition on November 21, 2022. For the following reasons, this court denies the application to reopen.

{¶ 2} In the early morning hours of December 1, 2019, in the Legacy Nightclub, Curtis Johnson got into a fight with Eric White and Catera Fowler. As the bar emptied, Johnson went to his car, removed his sweatshirt, and waited for White to exit. When White and Fowler left the bar, White approached in a manner suggesting he intended to continue the fight. White pulled out a firearm, and Johnson ran back to his car and sought refuge behind it. At that time, someone fired shots and the crowd dispersed. White and Fowler ran past Johnson's car and continued down the street. Johnson retrieved a gun from his car and began shooting down the street in the direction of White and Fowler. Fowler was struck in the lower left back and the bullet exited ten inches higher from her right chest. She died from

this wound. During the investigation, the police found shell casings from four different guns, and it was never determined which gun fired the fatal shot.

{¶ 3} The grand jury indicted Johnson for the seven charges listed above. Defense counsel sought a jury instruction on self-defense, but the trial court declined to give one. The jury found Johnson guilty of all charges. The trial judge merged the two murder counts with one count of felonious assault and the involuntary manslaughter charge. He imposed an aggregate sentence of 21 years to life.

{¶ 4} Appellate counsel argued that the trial court erred in refusing to instruct on self-defense and that the verdicts for murder, involuntary manslaughter, and felonious assault were not supported by sufficient evidence. The failure to identify which of the four weapons killed Fowler created a reasonable doubt as to whether Johnson was the killer. Johnson now argues that his appellate counsel was ineffective.

{¶ 5} In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989); and *State v. Reed*, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456.

{¶ 6} In *Strickland,* the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The court noted that it is

all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland* at 689.

{¶ 7} Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted, "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-752, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in *State v. Allen*, 77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638.

{¶ 8} Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the

petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.

{¶ 9} In his first proposed assignment of error, Johnson argues that the trial court deprived him of his right to a jury trial by not instructing the jurors on self-defense. He proposes that his appellate counsel should have framed the argument as the trial judge usurping the jury's role by making his own evaluation of the weight of the evidence and the credibility of the witnesses.

{¶ 10} However, appellate counsel directly addressed the issue by arguing that the trial court erred by failing to instruct the jury on self-defense. He incorporated the role of the jury in his argument: "Certainly the evidence was such that the question should have gone to the jury for its consideration." (Pg. 5 of appellant's brief.) "The trial court's refusal to allow the question of self-defense to go to the jury for its consideration was error. The jury would have been free to accept or reject the defense, but never had the opportunity." (Pg. 7 of appellant's brief.) "By refusing the self-defense instruction, the lower court failed to 'fully and completely give the jury all instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as the fact finder.'" (Pg. 8 of appellant's brief, quoting *State v. White*, 142 Ohio St.3d 277, 2015-Ohio-492, 29 N.E.3d 939.)

Appellate counsel in the exercise of professional judgment was not ineffective for directly addressing the issue as a failure to give a necessary jury instruction and emphasizing the role of the jury as part of the argument.

{¶ 11} Johnson's second argument is that appellate counsel failed to seek a jury instruction on the lesser included offense of manslaughter. Johnson in his application clarifies that he means involuntary manslaughter. However, the grand jury indicted him for involuntary manslaughter, the trial judge instructed on that charge, and the jury found him guilty of involuntary manslaughter. Thus, the argument is ill-founded.

{¶ 12} Johnson's final argument is that it was error to label him as the "shooter" in the synthesized video of the event. Multiple cameras in and around the bar captured the event from various angles. The state synthesized the videos into one approximately four-minute video showing the event as it occurred. The state labeled Johnson as the "shooter" in the video. Johnson argues that this unfairly prejudiced him in front of the jury. Although Johnson's trial counsel objected to the label, in his closing argument he acknowledged that the video shows Johnson shooting. Trial counsel argued that this video showed him shooting in a downward direction, thus, making it impossible for Johnson to be the killer, because the bullet that killed Fowler entered her in an upward trajectory. (Tr. 590-591.)

{¶ 13} Johnson cites *Holbrook v. Flynn,* 475 U.S. 560, 106 S.Ct. 1340, 89 L.Ed.2d 525 (1986), for the proposition that the test is whether there was an unacceptable risk of prejudice. In that case, the United States Supreme Court ruled

that having extra uniformed officers in the courtroom was not inherently prejudicial as to deprive the defendant of a fair trial. So too in the present case, the truth that Johnson fired his gun and trial counsel's efforts to use the video and the other evidence to show that Johnson was not the killer did not deprive Johnson of a fair trial by labeling him as the "shooter." Following the admonition of the Supreme Court, this court rules that appellate counsel in the exercise of professional judgment could properly decline to make this argument.

{¶ 14} Accordingly, this court denies the application to reopen.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

ANITA LASTER MAYS, A.J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR